Hearing Date: January 8, 2016 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: December 31, 2015 at 4:00 p.m. (prevailing Eastern time)

**OLSHAN FROME WOLOSKY LLP**
Park Avenue Tower
65 East 55th Street
New York, NY 10022
Adam H. Friedman, Esq.
Jonathan T. Koevary, Esq.
212.451.2300

*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 56 MILBANK AVENUE, LLC, | Case No. 15-22710 (RDD) |
| Debtor. | |

**NOTICE OF HEARING ON MOTION FOR AN ORDER APPROVING
THE DEBTOR'S DISCLOSURE STATEMENT AND ESTABLISHING SOLICITATION
AND VOTING
PROCEDURES WITH RESPECT THERETO**

**PLEASE TAKE NOTICE** that on September 1, 2015, the above-captioned debtor and debtor in possession (the "*Debtor*") filed the (i) proposed disclosure statement (the "*Disclosure Statement*") [Dkt. No. 33] relating to the *Debtor's Chapter 11 Plan of Reorganization* (the "*Plan*") [Dkt. No. 32] and (ii) motion (the "*Motion*") seeking approval of, among other things, the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "*Disclosure Statement Hearing*") to consider the Motion has been scheduled for January 8, 2016 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy

Judge, Honorable Richard D. Drain in the Bankruptcy Court, 300 Quarropas Street, White

Plains, New York 10601-4140 (the "***Bankruptcy Court***").

PLEASE TAKE FURTHER NOTICE that the Disclosure Statement, the Plan and the

Motion are on file with the Clerk of the Bankruptcy Court and may be examined by interested

parties at the Office of the Clerk of the Bankruptcy Court between the hours of 8:30 a.m. and

5:00 p.m., Monday through Friday. These materials may also be downloaded by accessing the

Bankruptcy Court's Electronic Case Filing System ("***ECF***"), which can be found on the

Bankruptcy Court's official website (located at *www.nysb.uscourts.gov*). A login and password

are required to download materials from this website and can be obtained through the PACER

Service Center (located at *www.pacer.psc.uscourts.gov*). Copies of the Disclosure Statement, the

Plan and the Motion, may also be obtained from the Debtor's attorney, Olshan Frome Wolosky

LLP, Park Avenue Tower, 65 East 55th Street, York, New York 10022 (Attn.: Adam H.

Friedman, Esq. and Jonathan T. Koevary, Esq.) at 212 451-2300.

PLEASE TAKE FURTHER NOTICE that at the Disclosure Statement Hearing, the

Debtor shall seek to establish January 8, 2016 as the Voting Record Date (as defined in the

Motion) for determining which holders of claims against and interests in the Debtor are entitled

to vote to accept or reject the Plan.

PLEASE TAKE FURTHER NOTICE that responses, objections and proposed

modifications to the Disclosure Statement and/or the relief requested in the Motion must (i) be in

writing, (ii) state the name and address of the objecting or responding party and the nature of the

claim or interest of such party, (iii) state with particularity the basis and nature of any objection

or response and include, where appropriate, proposed language to be inserted in the Disclosure

Statement to resolve any such objection or response, (iv) conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules of the Southern District of New York, (v) be filed, together with proof of service, with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered ECF users and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), (vi) be served in accordance with General Order M-399; and (vii) further be served upon the following: (a) the Bankruptcy Court, Honorable Richard D. Drain in the Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601-4140 Attn: Honorable Robert D. Drain; (b) counsel for the Debtor, Olshan Frome Wolosky LLP, Park Avenue Tower, 65 East 55th Street, York, New York 10022 (Attn.: Adam H. Friedman Esq. and Jonathan T. Koevary, Esq.); and (c) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, New York, New York 10014, Attn: Richard Morrissey, Esq., so as to be actually received no later than **December 31, 2015 at 4:00 p.m. (prevailing Eastern time).**

**IF AN OBJECTION TO THE DISCLOSURE STATEMENT AND/OR THE MOTION IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.**

**PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement Hearing may be adjourned or continued from time to time by the Debtor or the Bankruptcy Court without further notice to creditors or parties in interest other than an announcement of such adjournment at the Disclosure Statement Hearing or at a later hearing or by filing a notice on the Bankruptcy Court's docket.

3496020-1

New York, New York
Dated: December 3, 2015

Respectfully submitted,

**OLSHAN FROME WOLOSKY LLP**

By:   /s/ Jonathan T. Koevary

     Adam H. Friedman
     Jonathan T. Koevary
     Park Avenue Tower
     65 East 55th Street
     New York, New York 10022
     (212) 451-2300

     *Counsel to the Debtor*

3496020-1

**Hearing Date: January 8, 2016 at 10:00 a.m. (prevailing Eastern time)**
**Objection Deadline: December 31, 2015 at 4:00 p.m. (prevailing Eastern time)**

**OLSHAN FROME WOLOSKY LLP**
Park Avenue Tower
65 East 55th Street
New York, NY 10022
Adam H. Friedman, Esq.
Jonathan T. Koevary, Esq.
212.451.2300

*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 56 MILBANK AVENUE, LLC, | Case No. 15-22710 (RDD) |
| Debtor. | |

## MOTION FOR AN ORDER APPROVING THE
## DEBTOR'S  DISCLOSURE STATEMENT AND ESTABLISHING
## SOLICITATION AND VOTING PROCEDURES WITH RESPECT THERETO

The above-captioned debtor and debtor in possession (the "***Debtor***"), through this motion

(the "***Motion***"), hereby moves, for entry of an order (the "***Disclosure Statement Order***"),

attached hereto as Exhibit A, approving, among other things, (i) the disclosure statement (as the

same may be updated, supplemented, amended and/or otherwise modified from time to time, the

"***Disclosure Statement***") [Dkt. No. 33] for the *Debtor's Chapter 11 Plan of Reorganization* (the

"***Plan***") [Dkt. No. 32] and (ii) certain procedures (the "***Solicitation Procedures***") that will

govern the Debtor's solicitation and tabulation of votes to accept or reject the Plan. For the

convenience of the Court (as defined below) and other parties in interest, the following is a

summary of the requested deadlines contained in the Motion:

| January 8, 2016 at 10:00 am Eastern Time | Disclosure Statement Hearing and Voting Record Date |
|---|---|
| January 11, 2016 | Solicitation Commencement Date |
| February 8, 2016 at 5:00 pm Eastern Time | Voting Deadline |
| February 10, 2016 at 4:00 pm Eastern Time | Deadline to File the Tabulation Affidavit |
| February 8, 2016 at 4:00 pm Eastern Time | Confirmation Objection Deadline |
| February 10, 2016 at 4:00 pm Eastern Time | Deadline for Debtor to Reply to Confirmation Objections |
| February 11, 2016 at 10:00 am Eastern Time | Confirmation Hearing |

## I      BACKGROUND, JURISDICTION AND VENUE

1.      On May 20, 2015 (the ***"Petition Date"***), the Debtor filed a voluntary petition (the ***"Chapter 11 Petition"***) in this Court for relief under Chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtor, including its business operation, its capital and debt structure, and the events leading to the filing of this bankruptcy case, is set forth in detail in the Declaration of Joel M. Friedberg submitted in accordance with Local Rule 1007-2 in support of the Debtor's Chapter 11 Petition (the ***"Friedberg Declaration"***), which is deemed fully incorporated herein by reference.  The Debtor continues to manage and operate its business as a debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No official committee has been appointed in this chapter 11 case.

2.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408.

## II      RELIEF REQUESTED

3.      By this Motion and pursuant to Bankruptcy Code sections 105, 502, 1125, 1126 and 1129 and Rules 2002, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), the Debtor seeks entry of the Disclosure Statement Order: (i)

2

approving the adequacy of the Disclosure Statement, (ii) approving the form of the proposed

notice of the Confirmation Hearing (as defined below); (iii) fixing the Voting Record Date, the

Voting Deadline, the Plan Objection Deadline (each as defined below), the deadlines for filing

objections to the Disclosure Statement, if any, and replies thereto, and the date on which the

Court will consider confirmation of the Plan (the "**_Confirmation Hearing_**"); (iv) approving the

forms of the ballots (each, a "**_Ballot_**" and collectively, the "**_Ballots_**"), substantially in the forms

annexed to **Exhibit A** as **<u>Annexes 1–3</u>**; and (v) approving the Solicitation Procedures, as well as

the form of certain documents to be distributed in connection with the solicitation of votes in

respect of the Plan.

### III      BASIS FOR RELIEF

**A.**      **The Disclosure Statement Contains Adequate Information and Should Be Approved**

4.      Pursuant to Bankruptcy Code section 1125, a plan proponent must provide

holders of impaired claims and interests entitled to vote on the plan "**_adequate information_**"

regarding the plan. <u>See</u> 11 U.S.C. § 1125(a)(1). Specifically, Bankruptcy Code section

1125(a)(1) provides, in part, as follows:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties interest, and the cost of providing additional information . . . .

11 U.S.C. § 1125(a)(1). Thus, a debtor's disclosure statement must, as a whole, provide information of sufficient detail as is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders entitled to vote on the debtor's plan of reorganization. See, e.g., Cable Co. II v. PC Liquidation Corp. (In re PC Liquidation Corp.), 383 B.R. 856, 866 (E.D.N.Y. 2008); Abel v. Shugrue (In re Ionosphere Clubs, Inc.), 179 B.R. 25, 29 (S.D.N.Y. 1995); In re Amfesco Indus., Inc., No. CV-88-295 2 (JBW), 1988 WL 141524, at *5 (E.D.N.Y. Dec. 21, 1988) (stating that "[u]nder section 1125 of the Bankruptcy Code, a reasonable and typical creditor or equity security holder must be provided 'adequate information' to make an informed judgment regarding a proposed plan."); BSL Operating Corp. v. 125 E. Taverns, Inc. (In re BSL Operating Corp.), 57 B.R. 945, 950 (Bankr. S.D.N.Y. 1986) (stating that "[s]ection 1125 might be described as a non-rigid 'how-to-inform' section . . . . A disclosure statement . . . is evaluated only in terms of whether it provides sufficient information to permit enlightened voting by holders of claims or interests."); see also In re Copy Crafters Quickprint, Inc., 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (stating that the adequacy of a disclosure statement is to be "determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").

5.     The Court has broad discretion in determining whether a disclosure statement contains adequate information. See Mabey v. Sw. Elec. Power Co. (In re Cajun Elec. Power Coop., Inc.), 150 F.3d 503, 518 (5th Cir. 1998), cert. denied, 526 U.S. 1144 (1999); In re Worldcom, Inc., No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court.") (quoting Ionosphere, 179 B.R. at 29); Kirk v. Texaco, Inc., 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The

4

legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a): 'Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case . . . .'") (quoting H.R. REP. NO. 595, at 408-09 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6365). This discretion allows courts to tailor the disclosures made in connection with a plan of reorganization to facilitate the effective reorganization of debtors in a broad range of businesses and circumstances. See id. ("In reorganization cases, there is frequently great uncertainty. Therefore, the need for flexibility is greatest."). Accordingly, the determination of the adequacy of information in a disclosure statement is made on a case-by-case basis, focusing on the unique facts and circumstances of each case.

6.    In that regard, courts generally examine whether disclosure statements contain information such as:

    a.  the circumstances that gave rise to the filing of the bankruptcy petition;

    b.  the available assets and their value;

    c.  the anticipated future of the debtor;

    d.  the sources of the information provided in the disclosure statement;

    e.  the condition and performance of the debtor while in chapter 11;

    f.  the claims against the estate;

    g.  a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

    h.  the accounting and valuation methods used to produce the financial information in the disclosure statement;

    i.  the future management of the debtor, including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

    j.  a summary of the plan of reorganization;

k.  financial information that would be relevant to creditors' determinations of whether to accept or reject the plan;

l.  the risks being taken by the creditors and interest holders;

m.  the tax consequences of the plan; and

n.  the relationship of the debtor with its affiliates.

See, e.g., In re Scioto Valley Mortgage Co., 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (using a similar list); In re Oxford Homes, 204 B.R. 264, 269 (Bankr. D. Me. 1997) (using a similar list); In re Ferretti, 128 B.R. 16, 18–19 (Bankr. D.N.H. 1991) (also using a similar list). Such lists are not meant to be exhaustive, nor must a debtor include all of the information approved as sufficient in any prior case. Rather, courts are instructed to decide what information is appropriate in each case. See In re Phoenix Petroleum Co., 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (using a similar list, but cautioning that "no one list of categories will apply in every case"); In re Dakota Rail, Inc., 104 B.R. 138, 142 (Bankr. D. Minn. 1989) (using a similar list of information described as "nonexclusive and nonexhaustive").

7.    The Disclosure Statement is the product of the Debtor's extensive review and analysis of the Debtor's businesses, assets and liabilities, the circumstances leading to the chapter 11 case, and other significant events occurring during the chapter 11 case. In addition, the Disclosure Statement reflects a summary of the Plan and, in particular, the effect of the terms of the Plan on holders of Claims and Interests and parties in interest in the event the Plan is confirmed and consummated.

8.    The Debtor submits that the Disclosure Statement contains more than sufficient information for parties in interest to make an informed judgment about whether to vote to accept or reject the Plan. Specifically, the Disclosure Statement includes information regarding, among other things:

6

    a.  a summary of certain terms of the Plan, including the classification and treatment of Claims and Interests;

    b.  the history of the Debtor, including certain events leading to the commencement of the chapter 11 case;

    c.  the operation of the Debtor's business and significant events during these chapter 11 case;

    d.  the Debtor's corporate structure;

    e.  the Debtor's prepetition capital structure and indebtedness;

    f.  Claims asserted against the Debtor's estate and the procedures for the resolution of contingent, unliquidated and disputed Claims;

    g.  certain risk factors to consider that may affect the Plan;

    h.  certain federal income tax law consequences of the Plan;

    i.  the provisions governing distributions under the Plan;

    j.  the means for implementation of the Plan; and

    k.  the release, injunction and exculpation provisions of the Plan.

9.    In addition, as required by Rule 3017-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Bankruptcy Rules***"), the following disclosure appears on the cover page of the Disclosure Statement:

> THIS IS NOT A SOLICITATION OF ACCEPTANCE OR REJECTION OF THE PLAN. ACCEPTANCES OR REJECTIONS MAY NOT BE SOLICITED UNTIL A DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE BANKRUPTCY COURT. THIS DISCLOSURE STATEMENT IS BEING SUBMITTED FOR APPROVAL, BUT HAS NOT YET BEEN APPROVED BY THE BANKRUPTCY COURT.

Local Bankruptcy Rule 3017-1(b).

10.    Accordingly, the Disclosure Statement should be approved as (i) containing adequate information within the meaning of Bankruptcy Code section 1125 and (ii) complying with the applicable Local Bankruptcy Rules.

7

**B.     Establishing the Voting Record Date and the Voting Deadline**

11.     Bankruptcy Rule 3017(c) provides, in part, that "*[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan.*" Fed R. Bankr. P. 3017(c). Bankruptcy Rule 3017(d) provides that, for the purpose of soliciting votes in connection with the confirmation of a plan of reorganization, the date of record for determining the "*holders of stock, bonds, debentures, notes, and other securities*" that are the "*creditors and equity security holders*" is the "*date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing.*" Fed R. Bankr. P. 3017(d).

12.     The Debtor propose that the Court fix January 8, 2016, the date the Disclosure Statement Hearing is scheduled to commence, as the date on which the Debtor will determine which of the Debtor's creditors and interest holders are entitled to receive the Disclosure Statement and to vote to accept or reject the Plan (the "*Voting Record Date*"). The Voting Record Date will be for voting purposes only and will have no impact on individual creditor's entitlement to receive distributions under the Plan. On the Voting Record Date, the Debtor will determine those holders of Claims and Interests that are entitled to vote to accept the Plan and thus entitled to receive the Solicitation Package (see section D below).

13.     To ensure that parties in interest are provided with adequate notice, the Disclosure Statement Hearing Notice and the Confirmation Hearing Notice (each as defined below) prominently state the applicable Voting Record Date. Furthermore, the Voting Record Date is clearly identified and described in the Disclosure Statement.

14.     The Debtor further proposes that the Court establish February 8, 2015 at 5:00 pm prevailing eastern time as the last date on which all properly executed and completed votes to accept or reject the Plan must be actually received (the "*Voting Deadline*") by the Debtor's legal

8

advisors, Olshan Frome Wolosky LLP, Attn: Jonathan T. Koevary, Esq. (the "*Solicitation Agent*"). The Debtor proposes that, for Ballots to be counted as votes to accept or reject the Plan, all Ballots, as applicable, must be properly executed, completed and delivered by first class mail, overnight courier or personal delivery, in each case so that they are actually received by the Solicitation Agent no later than the Voting Deadline.

### C.    Approving Forms of Ballots

15.    Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a proposed plan of reorganization] shall be in writing, identify an authorized agent, and conform to the appropriate Official Form." Fed. R. Bankr. P. 3018(c). Additionally, Bankruptcy Rule 3017(d) requires that, upon approval of a disclosure statement, "a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).

16.    The Classes of creditors and equity holders entitled to vote under the Plan are Class 2 (the SDF Secured Claim), Class 3 (General Unsecured Claims) and Class 4 (Equity Interests) (each, a "*Voting Class*" and collectively, the "*Voting Classes*"). The Debtor proposes to distribute to the Voting Classes one or more Ballots substantially in the forms annexed to **Exhibit A** as **Annexes 1–3.** The Ballots are based on Official Form No. 14 but have been modified to address the particular circumstances of this chapter 11 cases and to include certain additional information that the Debtor believes is relevant and appropriate for each of the Voting Classes. The Debtor respectfully submits that the forms of the Ballots comply with Bankruptcy Rule 3018(c) and should therefore be approved.

### D.    The Solicitation Procedures

17.    The Debtor has designed the Solicitation Procedures, as more fully set forth below, to facilitate a smooth and efficient distribution of the Solicitation Package (as defined and summarized below) and solicitation of votes to accept or reject the Plan:

*(i)    The Solicitation Package*

18.    Bankruptcy Rule 3017(d) specifies that, upon approval of a disclosure statement:

the debtor in possession . . . shall mail to all creditors and equity security holders . . . [and] the United States trustee:

(1)    the plan or a court-approved summary of the plan;

(2)    the disclosure statement approved by the court;

(3)    notice of the time within which acceptances and rejections of the plan may be filed; and

(4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

Fed. R. Bankr. P. 3017(d). Additionally, Bankruptcy Rule 2002(b) requires that "the debtor, the trustee, all creditors and indenture trustees [be given] not less than 28 days' notice by mail of the time fixed for . . . filing objections and the hearing to consider confirmation of a . . . chapter 11 [plan]." Fed. R. Bankr. P. 2002(b).

19.    Pursuant to these requirements, the Debtor proposes to prepare and distribute a solicitation package (the "***Solicitation Package***") that will contain the following:

(a)    a cover letter (the "***Letter to Voting Classes***"), substantially in the form annexed as **Annex 4** to **Exhibit A**, that, among other things: (i) describes the contents of the Solicitation Package; (ii) explains that a Plan supplement may be filed up to ten days before the Confirmation Hearing; and (iii) encourages holders in each of the Voting Classes to accept the Plan;

(c)    the appropriate form of Ballot and instructions with respect thereto; and

(d)    such other materials as the Court may direct.

10

20.     The Debtor has prepared the Solicitation Package and will distribute it in accordance with the requirements of the Bankruptcy Code and the Bankruptcy Rules. Specifically, the Debtor intends to commence the distribution of the Solicitation Packages by January 11, 2016 (the "***Solicitation Commencement Date***"), which will provide in excess of the required twenty-eight (28) day notice period to parties in interest before the Confirmation Hearing. In addition, the proposed Voting Deadline is twenty-eight (28) days after the proposed Solicitation Commencement Date.

### *(ii)      Distribution of the Solicitation Package*

21.     Bankruptcy Code section 1129 establishes the requirements for confirmation of a chapter 11 plan and provides, in relevant part, that only those holders of claims against and interests in a debtor that are "impaired" by a plan are entitled to vote on the plan. <u>See</u> 11 U.S.C. § 1129(a)(7). Bankruptcy Code section 1124 provides that a claim or interest is not "impaired" if the plan does not alter the legal, equitable or contractual rights of the holder of the claim or equity interest or the plan reinstates the original terms of the obligation (i.e., cures any default and reinstates the original terms of the obligation). 11 U.S.C. § 1124.

22.     The Voting Classes identified in Section III.C. hereto are "impaired" and therefore entitled to vote to accept or reject the Plan. For holders of Claims in the Voting Classes, the Debtor proposes to distribute or cause to be distributed the Solicitation Package to: (i) all persons and entities identified in the Schedules as holding liquidated, noncontingent and undisputed Claims[1] in the Voting Classes in an amount greater than zero dollars, excluding scheduled Claims that have been paid in full, superseded by filed proofs of claim or disallowed

---

[1] Bankruptcy Rule 3003(c)(2) provides, in relevant part, that "any creditor . . . whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated . . . who fails to [timely file a proof of claim] shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2). Therefore, the Debtor proposes that such claimants or interest holders not be mailed a Solicitation Package.

or expunged before the Solicitation Commencement Date, (ii) all persons and entities that timely filed proofs of claim in the Voting Classes, as reflected on the official claims register maintained by the Bankruptcy Court, that allege dollar amounts greater than zero or that are contingent or unliquidated, but, in each case, only to the extent that the Claims have not been disallowed or expunged before the Solicitation Commencement Date; (iii) holders of Interests in the Debtor and (iv) transferees and assignees of any creditors described in clauses (i) or (ii) above, but only to the extent that the relevant transfer or assignment is properly noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date. If a Claim has been temporarily disallowed for voting purposes pursuant to an order of the Court, the holder of such Claim shall not be entitled to receive a Solicitation Package.

23.    Except as provided in Section III.D(iii) below, the Debtor proposes to distribute the Solicitation Package to the foregoing parties via first class mail or overnight courier by the Solicitation Deadline; provided, however, that any of the foregoing parties with non-U.S. mailing addresses shall receive the Solicitation Packages via overnight courier.

### (iii)    Delivery of Solicitation Packages to Undeliverable or Changed Addresses

24.    As of the Solicitation Commencement Date, certain parties may have changed their mailing addresses such that the "Master Service List" maintained by the Solicitation Agent is outdated with respect to such parties. The Debtor proposes that, to the extent mail has been returned as undeliverable, the Debtor not be required to mail a Solicitation Package to the relevant party unless such party provides written confirmation correcting such address no less than ten (10) business days before the Solicitation Commencement Date to the Solicitation Agent. The Debtor believes that avoiding mailing Solicitation Packages to undeliverable

addresses will eliminate unnecessary expenditures of time and estates' resources without prejudicing the rights of any creditor or party in interest.

### *(iv)    Distribution of Other Notice Materials*

25.     The Plan approval process requires that the Debtor provides various forms of notice to different parties from time to time.  Specifically, Bankruptcy Rule 3017(a) provides, in relevant part, that "after a disclosure statement is filed . . . the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest . . . to consider the disclosure statement and any objections or modifications thereto."  Fed. R. Bankr. P. 3017(a). Bankruptcy Rule 3017(d) further provides that a debtor must provide "notice of the time fixed for filing objections [to a chapter 11 plan] and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b)." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 2002(b) requires twenty-eight (28) days' notice of the deadline for objecting to the disclosure statement and for providing notice of the hearing to confirm a chapter 11 plan. Fed. R. Bankr. P. 2002(b).

26.     To avoid uncertainty, and consistent with the requirements of the Bankruptcy Code and the Bankruptcy Rules, the Debtor proposes that the Court approve certain forms of notice, each as described below, that the Debtor will use throughout the Plan approval process.

### (a)     <u>Disclosure Statement Hearing Notice</u>

27.     On December 3, 2015, the Debtor, through the Solicitation Agent, served a *Notice of Hearing on Motion for Approving the Debtor's Disclosure Statement and Establishing Solicitation and Voting Procedures with Respect Thereto* (the "***Disclosure Statement Hearing Notice***") by first class mail on: (a) the U.S. Trustee, 201 Varick Street, New York, New York 10014, Attn: Richard Morrissey, Esq.; (b) counsel for SDF77 Greenwich LLC, Kriss & Feuerstein, LLP, 360 Lexington Avenue, Suite 1200, New York, New York 10017 Attn: Jerold

13

C. Feuerstein, Esq; (c) all known holders of Claims against and Interests in the Debtor; and (d) all parties who have filed notices of appearance in these cases (collectively, the "**Noticed Parties**").  Such date is more than 35 days in advance of the date of the Disclosure Statement Hearing and is 28 days in advance of the proposed deadline for filing objections to the Disclosure Statement, consistent with Bankruptcy Rule 2002(b).

### (b)    Notice to Unimpaired Classes

28.    The following Classes (collectively, the "**Unimpaired Classes**") established under the Plan are "unimpaired" and therefore, pursuant to Bankruptcy Code section 1126(f), not entitled to vote to accept or reject the Plan: Class 1 (Priority Non-Tax Claims).

29.    Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

Fed. Rule Bankr. P. 3017(d).

30.    The Debtor will not mail Solicitation Packages to creditors in the Unimpaired Class.  The Debtor proposes, however, to provide notice of non-voting status to holders of Claims or Interests in the Unimpaired Classes, substantially in the form annexed **as Annex 5** to **Exhibit A** (the "**Notice of Non-Voting Status**").  The proposed Notice of Non-Voting Status will advise the holders of Claims in the Unimpaired Class (i) that the Plan has been filed with the Court, (ii) that their Claims remain unimpaired under the Plan, (iii) that such parties are deemed to accept the Plan and therefore are not entitled to vote thereon, (iv) that they may obtain certain

14

materials in the Solicitation Package (excluding Ballots) from the Solicitation Agent, (v) of the

time for filing objections to the Plan and (vi) of the Confirmation Hearing Date.

### *(v)*    *Voting and Tabulation Procedures*

31.    Bankruptcy Code section 1126(c) provides, in relevant part, that:

> A class of Claims has accepted a plan if such plan has been
> accepted by creditors . . . that hold at least two-thirds in amount
> and more than one-half in number of the allowed Claims of such
> class held by creditors, other than any entity designed under
> subsection (e) of this section, that have accepted or rejected the
> plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that "***the court after notice and***

***hearing may temporarily allow the claim or interest in an amount which the court deems***

***proper for the purpose of accepting or rejecting a plan.***" Fed. R. Bankr. P. 3018(a).

### (a)    <u>Ballot Tabulation Procedures</u>

32.    The Debtor proposes, solely for purposes of voting to accept or reject the Plan and

not for purposes of allowance or distribution on account of a Claim and without prejudice to the

rights of the Debtor in any other context, that each holder of a Voting Class Claim be entitled to

vote the amount of such Claim as set forth in the Schedules unless such holder has timely filed a

proof of claim, in which event such holder would instead be entitled to vote the amount of such

Claim as set forth in such proof of claim.  The foregoing general procedure will be subject to the

following limitations:

  a. if a Claim is deemed "Allowed" pursuant to an agreement with the Debtor or an
order of the Court, the Debtor proposes that such Claim be "Allowed" for voting
purposes in the "Allowed" amount set forth in an agreement with the Debtor or in
the Court's order;

  b. if a Claim for which a proof of claim has been timely filed is wholly contingent or
unliquidated or filed for unknown or undetermined amounts, including all claims
based on pending litigations not subject to a judgment against the Debtor, and (i)
no objection to it has been filed by the Voting Deadline and (ii) no order pursuant
to Bankruptcy Rule 3018(a) temporarily allowing it for voting purposes in an

15

amount greater than $1.00 has been entered by the Court, in each case before the Voting Deadline, the Debtor proposes that such Claim be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such Claim shall be marked as voting at $1.00;

c. if the Debtor files an objection to a Claim, the Debtor proposes that such Claim be disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection;[2]

d. if a Claim has been "disallowed" by agreement of the Claim holder or order of the Court at any time before the Voting Deadline, the Debtor proposes that such Claim also be disallowed for voting purposes;

e. if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, the Debtor proposes that such Claim be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only;

f. if a Claim is listed in the Schedules as contingent, unliquidated or disputed, or undetermined in amount or for $0.00, and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court before the Voting Deadline, then, unless the Debtor has consented in writing or the holder of such Claim obtains an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes, the Debtor proposes that such Claim be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

g. Claims filed for $0.00 are not entitled to vote;

h. if a Claim is partially liquidated and partially unliquidated and (i) no objection to it has been filed by the Voting Deadline and (ii) no order pursuant to Bankruptcy Rule 3018(a) temporarily allowing it for voting purposes in an amount greater than $1.00 has been entered by the Court, in each case before the Voting Deadline, the Debtor proposes that such Claim be allowed for voting purposes only in the liquidated amount;

i. if no votes to accept or reject the Plan are received for a particular Class that is entitled to vote on the Plan, such Class shall be deemed to have voted to accept the Plan;

33.    If any creditor seeks to challenge the allowance or disallowance of its Claim for

voting purposes, the Debtor requests that the Court direct such creditor to serve on the Debtor,

---

[2] Absent the Debtor's pending objection to such proof of claim, a timely filed proof of claim that is not wholly contingent or unliquidated will be allowed for voting purposes at the non-contingent, liquidated amount.

3496020-1

and file with the Court, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting to accept or reject the Plan on or before the fourteenth (14th) calendar day after the later of (i) the Solicitation Commencement Date and (ii) the date of service of an objection, if any, to such Claim. The Debtor further proposes, in accordance with Bankruptcy Rule 3018(a), that as to any creditor filing such a motion, such creditor's Ballot not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing.

34.    In addition, the Debtor proposes that, without further order of the Court, except as otherwise set forth herein, the following Ballots not be counted or considered for any purpose in determining the acceptance or rejection of the Plan: (i) any Ballot that is properly completed and executed and timely returned to the Solicitation Agent, but does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and rejection of the Plan; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim or Interest; (iii) any Ballot that is submitted by a holder of a Claim or Interest not in a Voting Class or otherwise not entitled to vote pursuant to the Bankruptcy Code, the Bankruptcy Rules or otherwise; (iv) any Ballot that is unsigned or is a non-originally signed Ballot; (v) any Ballot actually received by the Solicitation Agent after the Voting Deadline, unless the Court shall have granted an extension of the Voting Deadline for such Ballot; (vi) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed; (vii) any Ballot sent directly to the Debtor, its agents (other than the Solicitation Agent), or to any other party other than the Solicitation Agent; (viii) any Ballot cast for a Claim that has been disallowed (for voting purposes or otherwise); and (ix) any Ballot transmitted to the Solicitation Agent by facsimile or other electronic means.

35.     Subject to any contrary order of the Court, the Debtor reserves the right to reject any and all Ballots the acceptance of which, in the opinion of the Debtor, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules.

36.     None of the Debtor, the Solicitation Agent or any other person or entity will be under any duty to provide notification of defects or irregularities in delivered Ballots, nor will any of them incur any liability for failure to provide such notification.  Rather, the Solicitation Agent may disregard, with no further notice, defective Ballots described in paragraph 34 above, provided however, the Tabulation Affidavit shall disclose which Ballots have been disregarded due to defects or irregularities and the nature of such defects or irregularities.

37.     Consistent with Local Bankruptcy Rule 3018-1(a), at the conclusion of the solicitation process, the Debtor will file an affidavit of the Solicitation Agent certifying the amount and number of allowed Claims of each Class accepting or rejecting the Plan (the "*Tabulation Affidavit*") no later than February 10, 2016 at 4:00pm.

38.     The Debtor believes that the foregoing procedures will provide for a fair and equitable voting process and should, therefore, be approved.

### E.     Confirmation of the Plan

#### (i)     The Confirmation Hearing

39.     Bankruptcy Code section 1128 and Bankruptcy Rule 3017(c) provide that a court shall hold a hearing on confirmation of a plan after notice to parties in interest.  11 U.S.C. § 1128; Fed. R. Bankr. P. 3017(c).  The Debtor proposes to provide approximately 34 days notice of the Confirmation Hearing.  Accordingly, pursuant to Bankruptcy Code section 1128 and Bankruptcy Rule 3017(c), the Debtor proposes that the Confirmation Hearing be scheduled to commence on February 11, 2016.  The Confirmation Hearing may be continued from time to

3496020-1

time by the Court or by the Debtor without further notice other than an announcement of such an adjournment at the Confirmation Hearing or any continued hearing.

### (ii)    *Procedures for Filing Objections to Confirmation of the Plan*

40.    Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "***within a time fixed by the court.***" Fed. R. Bankr. P. 3020(b)(1).  Local Bankruptcy Rule 3020-1(a) requires that objections to confirmation of a plan of reorganization be filed not later than seven days prior to the hearing on confirmation of such plan of reorganization.  Local Bankruptcy Rule 3020-1(a).  Parties in interest are entitled to at least 28 days' notice of such time fixed by the Court.  Fed. R. Bankr. P. 2002(b).

41.    Consistent with these requirements, the Debtor requests that the Court establish February 8, 2016 at 4:00 pm prevailing eastern time as the last day on which all objections to the Plan must be filed with the Court and served upon the Debtor and certain other parties in interest (the "***Plan Objection Deadline***").  By setting February 8, 2016 as the Plan Objection Deadline, this Court will be assured that parties in interest will have been provided with the requisite twenty-eight (28) days' notice of the Plan Objection Deadline and that the Debtor and other parties in interest will have sufficient time to consider and reply, if necessary, to any objections and proposed modifications to the Plan, while leaving this Court with sufficient time to consider any such objections and replies before the Confirmation Hearing.

42.    The Debtor requests that the Court direct that any objection to the Plan must:

a.    be in writing;

b.    conform to the Bankruptcy Rules and the Local Bankruptcy Rules;

c.    state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

d.  state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

e.  be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is actually received by the notice parties identified in the Confirmation Hearing Notice on or before the Plan Objection Deadline.

43.    The Debtor submits that the issues raised by any objection to the Plan, and any proposed resolutions to these issues, can be more efficiently and effectively considered by the Court and parties in interest if the Debtor is permitted to file a consolidated reply to the objections no later than one (1) day prior to the Confirmation Hearing.  Such consolidated reply will set forth the Debtor's responses to the issues raised in any Plan objections and, if appropriate, proposed modifications to the Plan to address those issues.  The Debtor submits that the proposed timeline is reasonable and appropriate under the circumstances and demonstrates the fundamentally fair and equitable nature of the procedures proposed herein.

44.    The Debtor believes that these requirements will assist the Debtor, the Court and all other parties in interest in moving towards a swift and efficient resolution of any and all objections to the Plan and therefore should be approved.

### (iii)    Notice of Confirmation Hearing

45.    Bankruptcy Rules 2002(b) and (d) require not less than twenty-eight (28) days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan.  In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtor proposes to provide to all creditors and equity security holders a copy of a notice substantially in the form annexed as **Annex 6** to **Exhibit A** (the "***Confirmation Hearing Notice***"), setting forth (i) the date of approval of the Disclosure Statement, (ii) the Voting Record Date, (iii) the Voting Deadline, (iv) the Plan Objection Deadline, and (vi) the

20

date, time and location of the Confirmation Hearing.[3] Additionally, the Confirmation Hearing

Notice will inform parties that the Solicitation Package (excluding Ballots) can be obtained by

contacting the Solicitation Agent or via PACER at https://ecf.nysb.uscourts.gov.

46.     In light of these facts, the Debtor submits that the foregoing procedures will

provide parties in interest adequate notice of the Confirmation Hearing and, accordingly, request

that the Court approve such notice as adequate and sufficient.

## IV     NOTICE

47.     The Debtor has provided notice of this Motion to the Noticed Parties.  The Debtor

has also served the Disclosure Statement, the Plan and this Motion on the following parties: (a)

the U.S. Trustee, 201 Varick Street, New York, New York 10014, Attn: Richard Morrissey, Esq.;

(b) counsel for SDF77 Greenwich LLC, Kriss & Feuerstein, LLP, 360 Lexington Avenue, Suite

1200, New York, New York 10017 Attn: Jerold C. Feuerstein, Esq; (c) all known holders of

Claims against and Interests in the Debtor; and (d) all parties who have filed notices of

appearance in these cases (collectively, the "***Noticed Parties***"). In light of the nature of the relief

requested, the Debtor respectfully submits that no further notice is necessary.

## V     CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order

substantially in the form attached hereto as **<u>Exhibit A</u>** (i) granting the Motion and (ii) granting

such other and further relief as the Court deems appropriate.

---

[3] As to the holder of Voting Class Claims, the Confirmation Hearing Notice shall be transmitted as part of each such holder's Solicitation Package.

3496020-1

Dated: New York, New York                    Respectfully Submitted,
      December 3, 2015

                                                  **OLSHAN FROME WOLOSKY LLP**

                                     By:    /s/ Jonathan T. Koevary
                                                  Adam H. Friedman
                                                      Jonathan T. Koevary
                                                      Park Avenue Tower
                                                      65 East 55th Street
                                                      New York, New York 10022
                                                      (212) 451-2300

                                                      *Counsel to the Debtor*

**EXHIBIT A**

**Proposed Disclosure Statement Order**

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 56 MILBANK AVENUE, LLC, | Case No. 15-22710 (RDD) |
| Debtor. | |

## ORDER APPROVING THE DEBTOR'S
## DISCLOSURE STATEMENT AND ESTABLISHING
## SOLICITATION AND VOTING PROCEDURES WITH RESPECT THERETO

*Upon the Motion for an Order Approving the Debtor's Disclosure Statement (the*
*"**Disclosure Statement**") and Establishing Solicitation and Voting Procedures (the "**Solicitation***
*Procedures**") with Respect Thereto (the "**Motion**")*; and the Court having jurisdiction to
consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and
consideration of the Motion and the relief requested therein being a core proceeding pursuant to
28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. § 1408; and due
and proper notice of the Motion having been provided to the Noticed Parties,[1] and the Court
having reviewed the Disclosure Statement, the Motion, the papers in support thereof and the
responses thereto, if any, and the affidavits of service; and upon the Disclosure Statement, the
Motion, the papers in support thereof and the responses thereto, if any, and the record of the
hearing on January 8, 2016 in consideration of the same (the "**Hearing**"); and the Court having
found and determined that the legal and factual bases set forth in the Motion and at the Hearing
establish just cause for the relief granted herein; and that the relief requested in the Motion is in
the best interests of the Debtor, its estate and creditors; and upon all of the proceedings had
before the Court; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed thereto in the Motion or
the Disclosure Statement, as applicable.

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.      The Disclosure Statement (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including in connection with the Hearing) contains "adequate information" within the meaning of Bankruptcy Code section 1125(a).

B.      The Disclosure Statement Hearing Notice was provided to the Noticed Parties and such notice constitutes good and sufficient notice to all interested parties, and no other or further notice need be provided.

C.      The form and manner of notice of the time set for filing objections to, and the time, date and place of, the hearing to consider the approval of the Disclosure Statement was adequate and comports with due process.

D.      The Solicitation Procedures and the Voting and Tabulation Procedures, both as set forth in the Motion and incorporated by reference herein, provide for a fair and equitable voting process and are consistent with Bankruptcy Code section 1126 and Bankruptcy Rule 3018(a).

E.      The materials to be provided in the Solicitation Package satisfy the requirements of Bankruptcy Rule 3017(d).

F.      The Solicitation Procedures provide for adequate transmission of the Solicitation Package to holders of Claims and Interests in the Voting Classes and satisfy the requirements of Bankruptcy Rule 3017(e).

G.      The Ballots, substantially in the form attached hereto as **Annexes 1–3**, are sufficiently consistent with Official Form No. 14, with appropriate modifications to address the particular needs of these chapter 11 cases, and are appropriate for soliciting votes from holders of Claims in the Voting Classes.

H.      The Ballots require the furnishing of sufficient information to assure that duplicate Ballots are not submitted and tabulated.

2

I.      Ballots need not be provided to the holders of Class 1 (Priority Non-Tax Claims) because the Plan provides that such Class is unimpaired and, therefore, are conclusively presumed to accept the Plan.

J.      The period set forth below during which the Debtor may solicit acceptances of the Plan is a reasonable period of time for creditors to make an informed decision to accept or reject the Plan.

K.      The Confirmation Hearing Notice substantially in the form annexed hereto as **Annex 6**, and the procedures set forth below for providing such notice to all creditors and parties in interest of the time, date and place of the Confirmation Hearing and the contents of the Solicitation Package, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

**NOW THEREFORE, IT IS ORDERED THAT:**

1.      The Motion is GRANTED to the extent provided herein.

2.      The Disclosure Statement is APPROVED.

3.      The Disclosure Statement Hearing Notice and the Debtor's distribution thereof comply with the requirements of Bankruptcy Rule 3017(a) and are hereby approved.

4.      The Debtor has provided adequate notice of the time fixed for filing objections to, and for the Hearing to consider approval of, the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017(a) and Local Bankruptcy Rule 3017-1.

5.      The Plan and Disclosure Statement provide creditors, interest holders and other parties in interest with sufficient notice regarding the release and injunction provisions contained in the Plan in compliance with Bankruptcy Rule 3016(c).

3496020-1

6.    Any objections to the approval of the Disclosure Statement that were not withdrawn, deferred to confirmation or resolved prior to or at the Disclosure Statement Hearing are hereby overruled.

7.    The Solicitation Procedures are approved in their entirety.

8.    The Solicitation Package shall contain the following:

(a)    the Letter to Voting Classes, substantially in the form annexed hereto as **Annex 4**, that, among other things: (i) describes the contents of the Solicitation Package; (ii) explains that a Plan supplement may be filed up to ten days before the Confirmation Hearing; and (iii) encourages holders in each of the Voting Classes to accept the Plan; and

(b)    the appropriate form of Ballot and instructions with respect thereto.

9.    The procedures for distribution of the Solicitation Package set forth in the Motion satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules.

10.    The Debtor is directed to distribute or cause to be distributed Solicitation Package to: (i) all persons and entities identified in the Schedules as holding liquidated, noncontingent and undisputed Claims in the Voting Classes in an amount greater than zero dollars, excluding scheduled Claims that have been paid in full, superseded by filed proofs of claim or disallowed or expunged before the Solicitation Commencement Date; (ii) all persons and entities that timely filed proofs of claim in the Voting Classes, as reflected on the official claims register maintained by the Solicitation Agent, that allege dollar amounts greater than zero or that are contingent or unliquidated, but, in each case, only to the extent that the Claims have not been disallowed or expunged before the Solicitation Commencement Date and (iii) transferees and assignees of any creditors described in clauses (i) or (ii) above, but only to the extent that the relevant transfer or assignment is properly noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date.  If a Claim has been temporarily

4

disallowed for voting purposes pursuant to an order of the Court, the holder of such Claim shall

not be entitled to receive a Solicitation Package.

11.     The forms of Ballots and instructions relating thereto, substantially in the forms

attached hereto as **Annexes 1–3**, are hereby approved.

12.     Pursuant to Bankruptcy Rule 3017(a), the Debtor is not required to provide

Ballots or copies of the Plan and Disclosure Statement to holders of Claims and Interests who are

unimpaired or unclassified under the Plan. Unimpaired claims are deemed to accept the Plan

pursuant to Bankruptcy Code section 1126(f) and unclassified claims do not vote.

13.     The Letter to the Voting Classes, substantially in the form attached hereto as

**Annex 4**, and the Debtor's proposed distribution thereof, are hereby approved.

14.     The Notice of Non-Voting Status, substantially in the form attached hereto as

**Annex 5**, and the Debtor's proposed distribution thereof, are hereby approved.

15.     The Debtor shall be excused from mailing Solicitation Packages to those entities

from which the Debtor has received notice from the United States Postal Service that any mail

sent during these chapter 11 cases was undeliverable and to which the Debtor has received no

forwarding address and, after reasonable efforts, have been unable to locate.  An entity that has

changed its mailing address after the Petition Date bears the burden to advise the Solicitation

Agent of its new address.

16.     January 8, 2016 is established as the Voting Record Date for purposes of this

Order and determining (i) the holders of Claims are entitled to receive the Solicitation Package,

(ii) the holders of Claims including the identity of holders, that are entitled to vote to accept or

reject the Plan and (iii) which holders of Claims and Interests in non-voting Classes are entitled

to receive the appropriate Notice of Non-Voting Status.

17.    All votes to accept or reject the Plan must be cast by using the appropriate Ballot. To be counted as a vote to accept or reject the Plan, all Ballots must be properly executed, completed and delivered by (i) first class mail, (ii) overnight courier or (iii) personal delivery so as to **actually be received** by the Solicitation Agent no later than the Voting Deadline at the appropriate return address set forth in the Ballot.

18.    Solely for purposes of voting to accept or reject the Plan and not for purposes of allowance or distribution on account of a Claim and without prejudice to the rights of the Debtor in any other context, each holder of a Voting Class Claim shall be entitled to vote the amount of such Claim as set forth in the Schedules (as may be amended from time to time) unless such holder has timely filed a proof of claim, in which event such holder would instead be entitled to vote the amount of such Claim as set forth in such proof of claim.  The foregoing general procedure will be subject to the following limitations:

      a.  if a Claim is deemed "Allowed" pursuant to an agreement with the Debtor or an order of the Court, such Claim shall be "Allowed" for voting purposes in the "Allowed" amount set forth in such agreement or the Court's order;

      b.  if a Claim for which a proof of claim has been timely filed is wholly contingent or unliquidated or filed for unknown or undetermined amounts, including all claims based on pending litigations not subject to a judgment against the Debtor, and (i) no objection to it has been filed by the Voting Deadline and (ii) no order pursuant to Bankruptcy Rule 3018(a) temporarily allowing it for voting purposes in an amount greater than $1.00 has been entered by the Court, in each case before the Voting Deadline, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such Claim shall be marked as voting at $1.00;

      c.  if the Debtor files an objection to a Claim, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection;[2]

---

[2] Absent the Debtor's pending objection to such proof of claim, a timely filed proof of claim that is not wholly contingent or unliquidated will be allowed for voting purposes at the non-contingent, liquidated amount.

6

    d.  if a Claim has been "disallowed" by agreement of the Claim holder or order of the Court at any time before the Voting Deadline, such Claim shall also be disallowed for voting purposes;

    e.  if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be deemed temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only;

    f.  if a Claim is listed in the Schedules as contingent, unliquidated or disputed, or undetermined in amount or for $0.00, and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court before the Voting Deadline, then, unless the Debtor has consented in writing or the holder of such Claim obtains an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for voting purposes, such claim shall deemed be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

    g.  Claims filed for $0.00 are not entitled to vote;

    h.  if a Claim is partially liquidated and partially unliquidated and (i) no objection to it has been filed by the Voting Deadline and (ii) no order pursuant to Bankruptcy Rule 3018(a) temporarily allowing it for voting purposes in an amount greater than $1.00 has been entered by the Court, in each case before the Voting Deadline, such Claim shall be deemed allowed for voting purposes only in the liquidated amount;

    i.  if no votes to accept or reject the Plan are received for a particular Class that is entitled to vote on the Plan, such Class shall be deemed to have voted to accept the Plan;

19.    Any creditor that seeks to challenge the allowance or disallowance of its Claim for voting purposes must serve on the Debtor, and file with the Court, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting to accept or reject the Plan on or before the fourteenth (14th) calendar day after the later of (i) the Solicitation Commencement Date and (ii) the date of service of an objection, if any, to such Claim.  For any creditor that files such a motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing.

20.    Without further order of the Court, except as otherwise set forth herein, the following Ballots shall not be counted in determining the acceptance or rejection of the Plan:

7

(i)    any Ballot that is properly completed and executed and timely returned to the Solicitation Agent, but does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and rejection of the Plan;

(ii)    any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim or Interest;

(iii)    any Ballot that is submitted by a holder of a Claim or Interest not in a Voting Class or otherwise not entitled to vote pursuant to the Bankruptcy Code, the Bankruptcy Rules or otherwise;

(iv)    any Ballot that is unsigned or non-originally signed Ballot;

(v)    any Ballot actually received by the Solicitation Agent after the Voting Deadline, unless the Court shall have granted, by order of the Court, an extension of the Voting Deadline for such Ballot;

(vi)    any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed;

(vii)    any Ballot sent directly to the Debtor, its agents (other than the Solicitation Agent), or the Debtor's financial or legal advisors or to any other party other than the Solicitation Agent;

(viii)    any Ballot cast for a Claim that has been disallowed (for voting purposes or otherwise); and

(ix)    any Ballot transmitted to the Solicitation Agent by facsimile or other electronic means.

21.    A holder of a Claim entitled to vote that has delivered a valid Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a).

22.    Subject to any contrary Order of this Court, the Debtor may reject any and all Ballots the acceptance of which, in the opinion of the Debtor, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules.

23.    To the extent that a ballot contains a defect(s), such defect(s) shall only be waived by order of this Court.

24.    None of the Debtor, the Solicitation Agent or any other person or entity shall be under any duty to provide notification of defects or irregularities in delivered Ballots, nor shall

the Debtor, the Solicitation Agent or any other person or entity incur any liability for failure to provide such notification.

25.    The Solicitation Agent may disregard any and all defective Ballots with no further notice to any other person or entity; provided however, the Tabulation Affidavit shall disclose which Ballots have been disregarded due to defects or irregularities and the nature of such defects or irregularities.

26.    The Voting Deadline shall be February 8, 2016, at 5:00 p.m. (prevailing Eastern time).

27.    The Debtor shall file the Tabulation Affidavit no later than February 10, 2016, at 4:00 p.m. (prevailing Eastern time).

28.    The Plan Objection Deadline shall be February 8, 2016 at 4:00 p.m. (prevailing Eastern time).

29.    The Debtor shall file its consolidated reply to any objections to confirmation of the Plan no later than February 10, 2016  at 4:00 p.m. (prevailing Eastern time).

30.    The Confirmation Hearing shall commence on February 11, 2016 at 10:00 a.m. (prevailing Eastern time), which hearing may be continued from time to time without further notice to parties in interest other than such adjournment announced in open court or a notice of adjournment filed with the Court and served on the Noticed Parties and the entities who have filed objections to the Plan.

31.    The form of Confirmation Hearing Notice, attached hereto as **Annex 6**, complies with Bankruptcy Rules 2002(b) and (d) and 3017(d) and is hereby approved, and shall be distributed to all known parties in interest.

9

32.     Any objections to confirmation of the Plan or proposed modifications thereto must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (iii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party; and (iv) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection.

33.     Any objections to the Plan must be filed, together with proof of service, with the Court and served, so as to be actually received, no later than the Plan Objection Deadline, by: (a) counsel for the Debtor, Olshan Frome Wolosky LLP, Park Avenue Tower, 65 East 55th Street, York, New York 10022 (Attn.: Adam H. Friedman, Esq. and Jonathan T. Koevary, Esq.).; (b) the U.S. Trustee, 201 Varick Street, New York, New York 10014, Attn: Richard Morrissey, Esq.; (c) counsel for SDF77 Greenwich LLC, Kriss & Feuerstein, LLP, 360 Lexington Avenue, Suite 1200, New York, New York 10017 Attn: Jerold C. Feuerstein, Esq.; and (d) all parties who have filed notices of appearance in these cases.

34.     Objections to confirmation of the Plan that are not timely filed, served and actually received in the manner set forth above may not be considered by the Court and shall be overruled.

35.     The terms of this Order shall be binding upon the Debtor, all holders of Claims and Interests and all other parties in interest.

36.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

37.     The requirements set forth in Local Bankruptcy Rules 3017-1, 3018-1 and 3020-1 are satisfied by the contents of the Motion.

38.     The Debtor is authorized to take or refrain from taking all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

39.     The Debtor is authorized to make nonsubstantive changes to the Disclosure Statement, the Plan and related documents without further order of this Court, including, without limitation, changes to correct typographical and grammatical errors to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to delivery.

40.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

41.     The Court shall retain jurisdiction, including following the closing of this chapter 11 case, with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: __, 2016
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

11

## Index of Annexes

Annex 1…………………………………………………....Ballot of Class 2 SDF Secured Claims

Annex 2………………………………………………...Ballot of Class 3 General Unsecured Claims

Annex 3…….........................................................Ballot of Class 4 Holders of Interests

Annex 4 ....................................................................................Letter to Voting Classes

Annex 5 ............................................................................ Notice of Non-Voting Status

Annex 6 ............................................................................ Confirmation Hearing Notice

**ANNEX 1**

<u>**Class 2 –Ballot of SDF Secured Claim**</u>

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 56 MILBANK AVENUE, LLC, | Case No. 15-22710 (RDD) |
| Debtor. | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTOR'S PLAN OF REORGANIZATION**
**UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 2 – SDF CLAIM**

**HOLDER OF CLASS 2 SDF CLAIM: YOUR BALLOT MUST BE *RECEIVED* BY THE SOLICITATION AGENT BY 5:00 P.M. (PREVAILING EASTERN TIME) ON _____ (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED (UNLESS SUCH DEADLINE IS EXTENDED).**

This Ballot is submitted to you by the above-captioned debtor and debtor in possession (the "***Debtor***") to solicit your vote to accept or reject the *Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated September 1, 2015 (the "***Plan***"), which is described in the accompanying *Disclosure Statement for Debtor's Plan of Reorganization Under to Chapter 11 of the Bankruptcy Code*, dated September 1, 2015 (as amended from time to time and including all exhibits and supplements thereto, the "***Disclosure Statement***"). Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, Disclosure Statement or order approving the Disclosure Statement, as applicable.

The Plan may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims or Interests in each impaired Class that vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate

against, each Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b).  To have your vote counted, you must complete, sign and return this Ballot to the Solicitation Agent (as defined below) so that it is received by the Voting Deadline indicated above.

Your rights are described in the Disclosure Statement.  The Disclosure Statement, Plan, Solicitation Procedures and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot.  The Solicitation Package (except Ballots) can be obtained (i) from the Debtor's counsel as its Solicitation Agent, Olshan Frome Wolosky LLP, 65 East 55th Street, New York, New York 10022, Attn: Jonathan Koevary, Esq. or by phone at (212) 451-2300 or (ii) for a fee via PACER at https://ecf.nysb.uscourts.gov.  The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to Bankruptcy Code section 1125.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan.  Bankruptcy Court approval of the Disclosure Statement, however, does not indicate approval of the Plan.  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. If you believe you received this Ballot in error, please contact the Solicitation Agent as specified above.

You should review the Disclosure Statement and the Plan and the instructions contained herein before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan and your acceptance or rejection of the Plan.  Your Claim(s) against the Debtor has been placed in Class 2 under the Plan.

**YOUR RECEIPT OF THIS BALLOT DOES NOT INDICATE THAT YOUR CLAIM(S) AGAINST THE DEBTOR HAS BEEN OR WILL BE ALLOWED.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE SOLICITATION AGENT AT (212) 451-2300, ATTN: JONATHAN KOEVARY, ESQ.  PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

*[remainder of page intentionally left blank]*

2

<u>INSTRUCTIONS</u>

1. COMPLETE ITEM 1.

2. COMPLETE ITEM 2.  CAST YOUR VOTE TO ACCEPT OR REJECT THE PLAN.

3. REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS CONTAINED IN ITEM 3.

4. **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

5. YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT TO ACCEPT OR REJECT THE PLAN.  YOU MAY NOT SPLIT YOUR VOTE.

6. ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.  IF NO VOTES TO ACCEPT OR REJECT THE PLAN ARE RECEIVED FOR A PARTICULAR CLASS THAT IS ENTITLED TO VOTE ON THE PLAN, SUCH CLASS SHALL BE DEEMED TO HAVE VOTED TO ACCEPT THE PLAN.

7. **IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR ORIGINAL, EXECUTED AND PROPERLY COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT NO LATER THAN <u>5:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 8, 2016</u> (THE "*VOTING DEADLINE*") BY MAIL (A PRE-ADDRESSED ENVELOPE IS ENCLOSED FOR YOUR CONVENIENCE), OVERNIGHT COURIER OR PERSONAL DELIVERY AT THE APPLICABLE ADDRESS BELOW:**

   Olshan Frome Wolosky LLP
   65 East 55th Street
   New York, New York 10022
   Attn: Jonathan Koevary, Esq.

   **THE SOLICITATION AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION, EMAIL OR OTHER ELECTRONIC MEANS.**

8. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED OR CONSIDERED FOR ANY PURPOSE UNLESS THE COURT HAS GRANTED AN EXTENSION OF THE VOTING DEADLINE WITH RESPECT TO SUCH BALLOT.

9. ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED.  IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN AN OFFICER OR EMPLOYEE OF THE CLAIMANT, OR AN ATTORNEY-AT-LAW ACTING FOR THE CLAIMANT, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT MUST BE INCLUDED WITH THE BALLOT.

**Item 1. Principal Amount of Class 2 SDF Claim Against the Debtor.**  The undersigned certifies that as of the Record Date, January 8, 2016, the undersigned was the holder of a Class 2 SDF Claim against the Debtor in the following amount:

$\text{\$}\underline{\hspace{5cm}}$

**Item 2. Vote.**

The undersigned, a holder of a Class 2 SDF Claim against the Debtor identified in Item 1 above votes as follows (**check one box**; if you fail to check one of the boxes below, or if you check both of the boxes below, but the Ballot is otherwise properly completed and returned, your Ballot will not be counted as either an acceptance or rejection of the Plan):

☐ **ACCEPT** the Plan.                    ☐ **REJECT** the Plan.

*[remainder of page intentionally left blank]*

4

**Item 3. Certifications and Acknowledgments.**   By signing this Ballot, the undersigned acknowledges and certifies that:

(a) the undersigned is the holder of a Class 2 SDF Claim against the Debtor or has the power and authority to vote to accept or reject the Plan on behalf of the claimant;

(b) the amount indicated in Item 1 is correct or, if incorrect, will be binding as indicated upon the undersigned for purposes of voting to accept or reject the Plan;

(c) it has been provided with a Solicitation Package and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and the Plan;

(d) the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement;

(e) if this Ballot is validly executed, but does not indicate either acceptance or rejection of the Plan, or indicates both acceptance and rejection of the Plan, it will not be counted as either an acceptance or rejection of the Plan; and

(f) the vote reflected on this Ballot is binding on its successors, heirs and assigns, including, without limitation, any transferee.

| | |
|---|---|
| Name of Creditor (Please Print) | Street Address |
| Tax Identification Number/Social Security Number | City, State, Zip Code |
| Authorized Signature | Telephone Number |
| If by Authorized Agent, Name and Title[1] | Date Completed |

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertions of a claim or equity interest, or the allowance of a claim or equity interest.

---

[1] As indicated in the Instructions, evidence of authority **must** be included with this Ballot unless (i) the signatory is an officer or employee of the entity that is the creditor or (ii) the signatory is an individual creditor.

**ANNEX 2**

**<u>Class 3 – General Unsecured Claims</u>**

> **NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 56 MILBANK AVENUE, LLC, | Case No. 15-22710 (RDD) |
| Debtor. | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTOR'S PLAN OF REORGANIZATION**
**UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3 – GENERAL UNSECURED CLAIM**

> **HOLDER OF A CLASS 3 GENERAL UNSECURED CLAIM: YOUR BALLOT MUST BE *RECEIVED* BY THE SOLICITATION AGENT BY 5:00 P.M. (PREVAILING EASTERN TIME) ON _____ (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED (UNLESS SUCH DEADLINE IS EXTENDED).**

This Ballot is submitted to you by the above-captioned debtor and debtor in possession (the "***Debtor***") to solicit your vote to accept or reject the *Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated September 1, 2015 (the "***Plan***"), which is described in the accompanying *Disclosure Statement for Debtor's Plan of Reorganization Under to Chapter 11 of the Bankruptcy Code*, dated September 1, 2015 (as amended from time to time and including all exhibits and supplements thereto, the "***Disclosure Statement***"). Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, Disclosure Statement or order approving the Disclosure Statement, as applicable.

The Plan may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims or Interests in each impaired Class that vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate

against, each Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b).  To have your vote counted, you must complete, sign and return this Ballot to the Solicitation Agent (as defined below) so that it is received by the Voting Deadline indicated above.

Your rights are described in the Disclosure Statement.  The Disclosure Statement, Plan, Solicitation Procedures and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot.  The Solicitation Package (except Ballots) can be obtained (i) from the Debtor's counsel as its Solicitation Agent, Olshan Frome Wolosky LLP, 65 East 55th Street, New York, New York 10022, Attn: Jonathan Koevary, Esq. or by phone at (212) 451-2300 or (ii) for a fee via PACER at https://ecf.nysb.uscourts.gov.  The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to Bankruptcy Code section 1125.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan.  Bankruptcy Court approval of the Disclosure Statement, however, does not indicate approval of the Plan.  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. If you believe you received this Ballot in error, please contact the Solicitation Agent as specified above.

You should review the Disclosure Statement and the Plan and the instructions contained herein before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan and your acceptance or rejection of the Plan.  Your Claim(s) against the Debtor has been placed in Class 3 under the Plan.

**YOUR RECEIPT OF THIS BALLOT DOES NOT INDICATE THAT YOUR CLAIM(S) AGAINST THE DEBTOR HAS BEEN OR WILL BE ALLOWED.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE SOLICITATION AGENT AT (212) 451-2300, ATTN: JONATHAN KOEVARY, ESQ.  PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

*[remainder of page intentionally left blank]*

2

INSTRUCTIONS

1. COMPLETE ITEM 1.

2. COMPLETE ITEM 2. CAST YOUR VOTE TO ACCEPT OR REJECT THE PLAN.

3. REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS CONTAINED IN ITEM 3.

4. **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

5. YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT TO ACCEPT OR REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

6. ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED. IF NO VOTES TO ACCEPT OR REJECT THE PLAN ARE RECEIVED FOR A PARTICULAR CLASS THAT IS ENTITLED TO VOTE ON THE PLAN, SUCH CLASS SHALL BE DEEMED TO HAVE VOTED TO ACCEPT THE PLAN.

7. **IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR ORIGINAL, EXECUTED AND PROPERLY COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT NO LATER THAN <u>5:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 8, 2016</u> (THE "*VOTING DEADLINE*") BY MAIL (A PRE-ADDRESSED ENVELOPE IS ENCLOSED FOR YOUR CONVENIENCE), OVERNIGHT COURIER OR PERSONAL DELIVERY AT THE APPLICABLE ADDRESS BELOW:**

   Olshan Frome Wolosky LLP
   65 East 55th Street
   New York, New York 10022
   Attn: Jonathan Koevary, Esq.

   **THE SOLICITATION AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION, EMAIL OR OTHER ELECTRONIC MEANS.**

8. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED OR CONSIDERED FOR ANY PURPOSE UNLESS THE COURT HAS GRANTED AN EXTENSION OF THE VOTING DEADLINE WITH RESPECT TO SUCH BALLOT.

9. ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED. IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN AN OFFICER OR EMPLOYEE OF THE CLAIMANT, OR AN ATTORNEY-AT-LAW ACTING FOR THE CLAIMANT, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT MUST BE INCLUDED WITH THE BALLOT.

3

**Item 1. Principal Amount of Class 3 General Unsecured Claim Against the Debtor.** The undersigned certifies that as of the Record Date, January 8, 2016, the undersigned was the holder of a Class 3 General Unsecured Claim against the Debtor in the following amount:

$\underline{\hspace{6cm}}$

**Item 2. Vote.**

The undersigned, a holder of a Class 3 General Unsecured Claim against the Debtor identified in Item 1 above votes as follows (**check one box**; if you fail to check one of the boxes below, or if you check both of the boxes below, but the Ballot is otherwise properly completed and returned, your Ballot will not be counted as either an acceptance or rejection of the Plan):

☐ **ACCEPT** the Plan.                    ☐ **REJECT** the Plan.

*[remainder of page intentionally left blank]*

4

**Item 3. Certifications and Acknowledgments.**   By signing this Ballot, the undersigned acknowledges and certifies that:

(a) the undersigned is the holder of a Class 3 General Unsecured Claim against the Debtor or has the power and authority to vote to accept or reject the Plan on behalf of the claimant;

(b) the amount indicated in Item 1 is correct or, if incorrect, will be binding as indicated upon the undersigned for purposes of voting to accept or reject the Plan;

(c) it has been provided with a Solicitation Package and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and the Plan;

(d) the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement;

(e) if this Ballot is validly executed, but does not indicate either acceptance or rejection of the Plan, or indicates both acceptance and rejection of the Plan, it will not be counted as either an acceptance or rejection of the Plan; and

(f) the vote reflected on this Ballot is binding on its successors, heirs and assigns, including, without limitation, any transferee.

| | |
|---|---|
| _____ | _____ |
| Name of Creditor (Please Print) | Street Address |
| _____ | _____ |
| Tax Identification Number/Social Security Number | City, State, Zip Code |
| _____ | _____ |
| Authorized Signature | Telephone Number |
| _____ | _____ |
| If by Authorized Agent, Name and Title[1] | Date Completed |

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertions of a claim or equity interest, or the allowance of a claim or equity interest.

---

[1] As indicated in the Instructions, evidence of authority **must** be included with this Ballot unless (i) the signatory is an officer or employee of the entity that is the creditor or (ii) the signatory is an individual creditor.

5

**ANNEX 3**

## Class 4 –Ballot of Holders of Interests

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 56 MILBANK AVENUE, LLC, | Case No. 15-22710 (RDD) |
| Debtor. | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTOR'S PLAN OF REORGANIZATION**
**UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4 – HOLDERS OF EQUITY INTERESTS**

**HOLDER OF EQUITY INTEREST: YOUR BALLOT MUST BE *RECEIVED* BY THE SOLICITATION AGENT BY 5:00 P.M. (PREVAILING EASTERN TIME) ON _____ (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED (UNLESS SUCH DEADLINE IS EXTENDED).**

This Ballot is submitted to you by the above-captioned debtor and debtor in possession (the "***Debtor***") to solicit your vote to accept or reject the *Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated September 1, 2015 (the "***Plan***"), which is described in the accompanying *Disclosure Statement for Debtor's Plan of Reorganization Under to Chapter 11 of the Bankruptcy Code*, dated September 1, 2015 (as amended from time to time and including all exhibits and supplements thereto, the "***Disclosure Statement***"). Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, Disclosure Statement or order approving the Disclosure Statement, as applicable.

The Plan may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims or Interests in each impaired Class that vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate

7

against, each Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b).  To have your vote counted, you must complete, sign and return this Ballot to the Solicitation Agent (as defined below) so that it is received by the Voting Deadline indicated above.

Your rights are described in the Disclosure Statement.  The Disclosure Statement, Plan, Solicitation Procedures and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot.  The Solicitation Package (except Ballots) can be obtained (i) from the Debtor's counsel as its Solicitation Agent, Olshan Frome Wolosky LLP, 65 East 55th Street, New York, New York 10022, Attn: Jonathan Koevary, Esq. or by phone at (212) 451-2300 or (ii) for a fee via PACER at https://ecf.nysb.uscourts.gov.  The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to Bankruptcy Code section 1125.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan.  Bankruptcy Court approval of the Disclosure Statement, however, does not indicate approval of the Plan.  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. If you believe you received this Ballot in error, please contact the Solicitation Agent as specified above.

You should review the Disclosure Statement and the Plan and the instructions contained herein before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan and your acceptance or rejection of the Plan.  Your Claim(s) against the Debtor has been placed in Class 4 under the Plan.

**YOUR RECEIPT OF THIS BALLOT DOES NOT INDICATE THAT YOUR INTEREST(S) AGAINST THE DEBTOR HAS BEEN OR WILL BE ALLOWED.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE SOLICITATION AGENT AT (212) 451-2300, ATTN: JONATHAN KOEVARY, ESQ.   PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

*[remainder of page intentionally left blank]*

3496020-1

INSTRUCTIONS

1. COMPLETE ITEM 1.

2. COMPLETE ITEM 2. CAST YOUR VOTE TO ACCEPT OR REJECT THE PLAN.

3. REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS CONTAINED IN ITEM 3.

4. **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

5. YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT TO ACCEPT OR REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

6. ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED. IF NO VOTES TO ACCEPT OR REJECT THE PLAN ARE RECEIVED FOR A PARTICULAR CLASS THAT IS ENTITLED TO VOTE ON THE PLAN, SUCH CLASS SHALL BE DEEMED TO HAVE VOTED TO ACCEPT THE PLAN.

7. **IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR ORIGINAL, EXECUTED AND PROPERLY COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT NO LATER THAN <u>5:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 8, 2016</u> (THE "*VOTING DEADLINE*") BY MAIL (A PRE-ADDRESSED ENVELOPE IS ENCLOSED FOR YOUR CONVENIENCE), OVERNIGHT COURIER OR PERSONAL DELIVERY AT THE APPLICABLE ADDRESS BELOW:**

   Olshan Frome Wolosky LLP
   65 East 55th Street
   New York, New York 10022
   Attn: Jonathan Koevary, Esq.

   **THE SOLICITATION AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION, EMAIL OR OTHER ELECTRONIC MEANS.**

8. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED OR CONSIDERED FOR ANY PURPOSE UNLESS THE COURT HAS GRANTED AN EXTENSION OF THE VOTING DEADLINE WITH RESPECT TO SUCH BALLOT.

9. ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED. IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN AN OFFICER OR EMPLOYEE OF THE CLAIMANT, OR AN ATTORNEY-AT-LAW ACTING FOR THE CLAIMANT, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT MUST BE INCLUDED WITH THE BALLOT.

9

**Item 1. Principal Amount of Class 4 Holder of Interests.**  The undersigned certifies that as of the Record Date, _____, 2016, the undersigned was the holder of Class 4 Interests in 56 Milbank, LLC. in the following capitalization amount:

$_____

**Item 2. Class 4 Holder of Interests.**  The undersigned, a holder of Class 4 Interests in 56 Milbank, LLC, identified in Item 1 above votes as follows (check one box; if you fail to check one of the boxes below, or if you check both of the boxes below, but the Ballot is otherwise properly completed and returned, your Ballot will not be counted as either an acceptance or rejection of the Plan):

☐ **ACCEPT** the Plan.                    ☐ **REJECT** the Plan.

*[remainder of page intentionally left blank]*

**Item 3. Certifications and Acknowledgments.**  By signing this Ballot, the undersigned acknowledges and certifies that:

(a) the undersigned is the holder of Class 4 Interest in 56 Milbank, LLC or has the power and authority to vote to accept or reject the Plan on behalf of the interest holder;

(b) the amount indicated in Item 1 is correct or, if incorrect, will be binding as indicated upon the undersigned for purposes of voting to accept or reject the Plan;

(c) it has been provided with a Solicitation Package and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and the Plan;

(d) the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement;

(e) if this Ballot is validly executed, but does not indicate either acceptance or rejection of the Plan, or indicates both acceptance and rejection of the Plan, it will not be counted as either an acceptance or rejection of the Plan; and

(f) the vote reflected on this Ballot is binding on its successors, heirs and assigns, including, without limitation, any transferee.

10

---
Name of Interest Holder (Please Print)

---
Tax Identification Number/Social Security
Number

---
Authorized Signature

---
If by Authorized Agent, Name and Title[1]

---
Street Address

---
City, State, Zip Code

---
Telephone Number

---
Date Completed

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertions of a claim or equity interest, or the allowance of a claim or equity interest.

---

[1] As indicated in the Instructions, evidence of authority **must** be included with this Ballot unless (i) the signatory is an officer or employee of the entity that is the creditor or (ii) the signatory is an individual creditor.

3496020-1

**ANNEX 4**

**<u>Letter to Voting Classes</u>**

**56 Milbank, LLC**

[_____], 2016

Re:    Solicitation of Votes to Accept or Reject the Proposed Plan of Reorganization

On September 1, 2015, 56 Milbank, LLC as debtor and debtor in possession (the "***Debtor***") filed the following documents with the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"):

(a)    Disclosure Statement for the Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "***Disclosure Statement***"); and

(b)    Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "***Plan***").[1]

On [December 3], 2015, the Debtor filed a motion with the Bankruptcy Court seeking an order approving the Disclosure Statement and seeking relief related thereto (the "***Disclosure Statement Motion***"). On January [8], 2016, the Bankruptcy Court entered an order approving the relief sought in the Disclosure Statement Motion (the "***Disclosure Statement Order***"), which, among other things, approved certain procedures with respect to the solicitation of votes to accept or reject the Plan.   A hearing on confirmation of the Plan currently is scheduled to commence on February 11, 2016. A supplement to the Plan and/or Disclosure Statement may be filed on or before ten days before the Confirmation Hearing.

**You have received this letter and the enclosed materials because you may be entitled to vote on the Plan.**

The enclosed materials constitute the Debtor's "Solicitation Package" and consist of the following:

(a)    this cover letter; and

(b)    the appropriate form of Ballot and instructions with respect thereto.

The Debtor has approved the filing and solicitation of the Plan.   The Debtor believes that the acceptance of the Plan is in the best interests of the holders of Claims against and Interests in the Debtor.   Moreover, the Debtor believes that any alternative other than confirmation of the Plan could result in extensive delays and increased administrative expenses, thereby resulting in smaller distributions or no distributions at all on account of Claims or Interests.

**THE DEBTOR THEREFORE RECOMMENDS THAT ALL ENTITIES ENTITLED TO VOTE SUBMIT A TIMELY BALLOT VOTING TO ACCEPT THE PLAN.**

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement, the Disclosure Statement Motion (as defined herein) or the Disclosure Statement Order (as defined herein), as applicable.

The materials in the Solicitation Package are intended to be self-explanatory.  If you have any questions, however, please feel free to contact the Solicitation Agent by mail at Olshan Frome Wolosky LLP, 65 East 55th Street, New York, New York 10022, Attn: Jonathan Koevary, Esq. or by phone at (212) 451-2300.

Sincerely,


/s/  _____

Name:

Title:

**ANNEX 5**

**<u>Notice of Non-Voting Status</u>**

**OLSHAN FROME WOLOSKY LLP**
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Adam H. Friedman, Esq.
Jonathan T. Koevary, Esq.
212.451.2300

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 56 MILBANK AVENUE, LLC, | Case No. 15-22710 (RDD) |
| Debtor. | |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNCLASSIFIED**
**CLAIMS AND UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN**

**PLEASE TAKE NOTICE** that:

On or about September 1, 2015, the Debtor filed (i) the Disclosure Statement for the Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "***Disclosure Statement***") and (ii) the Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan").  On [December 3,] 2015, the Debtor filed a motion seeking approval of the Debtor's Disclosure Statement and other related relief (the "***Disclosure Statement Motion***").

On [January 8], 2016, the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***") entered an order (the "***Disclosure Statement Order***") that, among other things, (i) approved the Disclosure Statement filed in support of the Plan as containing "adequate information" as required under section 1125(a) of title 11 of the United States Code (the "***Bankruptcy Code***") and (ii) authorized the Debtor to solicit votes to accept or reject the Plan.  The Voting Deadline is [February 8, 2016 at 5:00 p.m. prevailing Eastern time].[1]

The Disclosure Statement Order established _____ as the date for a hearing to commence at which the Debtor will seek approval of the Plan.  A separate notice is being sent to you that describes the procedures for objecting to the Plan.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement, the Disclosure Statement Motion or the Disclosure Statement Order, as applicable

**You are receiving this notice because, under the terms of the Disclosure Statement Order, either: (i) your Claim(s) or Interest(s) is/are unclassified pursuant to Bankruptcy Code section 1123(a)(1) and, therefore, you are not entitled to vote on the Plan; (ii) your Claim(s) or Interest(s) against the Debtor is/are "unimpaired" and, therefore, in accordance with Bankruptcy Code section 1126(f), you are (a) deemed to have accepted the Plan and (b) not entitled to vote on the Plan.**

Based on the foregoing, you will not receive a complete Solicitation Package, and no ballot to vote to accept or reject the Plan is enclosed. Accordingly, this notice is being sent to you for informational purposes only. Consistent with the Disclosure Statement Order, parties may obtain copies of the Disclosure Statement Order, the Disclosure Statement, the Plan and other documents and materials included in the Solicitation Package (except Ballots) (i) from the Debtor's counsel as their Solicitation Agent, Olshan Frome Wolosky LLP, 65 East 55th Street, New York, New York 10022, Attn: Jonathan Koevary, Esq. or by phone at (212) 451-2300; or (ii) for a fee via PACER at https://ecf.nysb.uscourts.gov.

If you have any questions about the status of your Claim(s), you should contact the Solicitation Agent in accordance with the instructions provided above.

New York, New York
Dated: _____ __, 2016

*Respectfully submitted,*

**OLSHAN FROME WOLOSKY LLP**

By: _____

Adam H. Friedman
Jonathan T. Koevary
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

*Counsel to the Debtor*

2

3496020-1

**ANNEX 6**

**Confirmation Hearing Notice**

**OLSHAN FROME WOLOSKY LLP**
Park Avenue Tower
65 East 55th Street
New York, NY 10022
Adam H. Friedman, Esq.
Jonathan T. Koevary, Esq.
212.451.2300

*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 56 MILBANK AVENUE, LLC, | Case No. 15-22710 (RDD) |
| Debtor. | |

**NOTICE OF ENTRY OF ORDER (I) APPROVING DISCLOSURE STATEMENT (II) APPROVING SOLICITATION AND NOTICE MATERIALS; (III) APPROVING FORMS OF BALLOTS; (IV) ESTABLISHING SOLICITATION AND VOTING PROCEDURES; (V) ESTABLISHING PROCEDURES FOR ALLOWING AND ESTIMATING CERTAIN CLAIMS FOR VOTING PURPOSES; (VI) SCHEDULING A CONFIRMATION HEARING AND (VII) ESTABLISHING NOTICE AND OBJECTION PROCEDURES**

**PLEASE TAKE NOTICE** that:

1. On [January 8], 2016, the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***") entered an order (the "***Disclosure Statement Order***") that, among other things, (i) approved the Disclosure Statement for the Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "***Disclosure Statement***") filed in support of the Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "***Plan***") as containing "adequate information" as required under section 1125(a) of title 11 of the United Stated Code (the "***Bankruptcy Code***"), and (ii) authorized the Debtor's to solicit votes to accept or reject the Plan.

2. The Disclosure Statement Order establishes [January 8, 2016] as the Voting Record Date[1] for determining which holders of Claims and Interests against the Debtor are entitled to vote on the Plan, and establishes **5:00 p.m. (prevailing Eastern time) on**

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement, the Motion or the Disclosure Statement Order, as applicable.

**[February 8, ], 2016** as the Voting Deadline for the submission of ballots to accept or reject the Plan.

3. If you hold a Claim in Classes 2, 3 or 4 as of the Voting Record Date and are entitled to vote to accept or reject the Plan, you have received copies of (i) the Disclosure Statement Order, the Disclosure Statement, the Plan and certain exhibits thereto, (ii) this notice, and (iii) a Ballot, together with a pre-addressed envelope, to be used by you in voting to accept or to reject the Plan. Failure to follow the instructions set forth on the Ballot, may disqualify that Ballot and the vote represented thereby.

4. Holders of (i) Unimpaired Claims or Interests and (ii) Claims or Interests that are not entitled to vote on the Plan, will receive a Notice of Non-Voting Status rather than a Ballot. If you have not received a Ballot but believe that you should be entitled to vote on the Plan, then you must serve on the Debtor and file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "*Rule 3018(a) Motion*") temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before the fourteenth (14th) day after the later of (i) the date that the Debtor completes distribution of the Solicitation Packages and (ii) the date of service of an objection, if any, to such claim. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

5. THE PLAN CONTAINS AN INJUNCTION THAT PREVENTS, AMONG OTHER THINGS, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD ANY CLAIMS, INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT HAVE BEEN RELEASED OR ARE SUBJECT TO EXCULPATION UNDER THE PLAN (THE "*ENJOINED CAUSES OF ACTION*"), FROM AND AFTER THE EFFECTIVE DATE, FROM COMMENCING OR CONTINUING, IN ANY MANNER, ANY ENJOINED CAUSES OF ACTION AGAINST, AS APPLICABLE, ANY RELEASED PARTY OR EXCULPATED PARTY.

6. A hearing to confirm the Plan (the "*Confirmation Hearing*") will commence on **February 11, 2016 at 10:00 a.m. (prevailing Eastern time)** before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601-4140. The Confirmation Hearing may be continued from time to time without further notice other than an announcement of the adjournment in open court or a notice of adjournment filed with the Court and served on the Noticed Parties and the entities who have filed objections to the Plan, without further notice to other parties in interest. In accordance with the Plan, the Plan may be modified, if necessary, prior to, during or as a result of the Confirmation Hearing, without further notice to interested parties.

7. The Bankruptcy Court has established **[_February 8, 2016_], at 4:00 p.m. (prevailing Eastern time)** as the last date and time for filing and serving objections to the confirmation of the Plan (the "*Plan Objection Deadline*"). Any objection to the Plan

2

must (i) be in writing, (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules, (iii) state the name and address of the objecting party and the amount and nature of the claim or interest of such entity, (iv) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection and (v) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is <u>actually</u> <u>received</u> no later than the Plan Objection Deadline by: (a) counsel for the Debtor, Olshan Frome Wolosky LLP, Park Avenue Tower, 65 East 55th Street, York, New York 10022 (Attn.: Adam H. Friedman, Esq. and Jonathan T. Koevary, Esq.).; (b) the U.S. Trustee, 201 Varick Street, New York, New York 10014, Attn: Richard Morrissey, Esq.; (c) counsel for SDF77 Greenwich LLC, Kriss & Feuerstein, LLP, 360 Lexington Avenue, Suite 1200, New York, New York 10017 Attn: Jerold C. Feuerstein, Esq.; and (d) all parties who have filed notices of appearance in these cases.

**UNLESS AN OBJECTION IS TIMELY FILED AND SERVED AS PROVIDED HEREIN, IT MAY NOT BE CONSIDERED AT THE CONFIRMATION HEARING.**

New York, New York                          Respectfully submitted,
Dated: _____ __, 2016

                                            **OLSHAN FROME WOLOSKY LLP**

                                            By:  _____

                                                 Adam H. Friedman
                                                 Jonathan T. Koevary
                                                 Park Avenue Tower
                                                 65 East 55th Street
                                                 New York, New York 10022
                                                 (212) 451-2300

                                                 *Counsel to the Debtor*

3