UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re:                                                          Case No. 15-22710-rdd

56 MILBANK AVENUE, LLC,                                          Chapter 11

                            Debtor.
------------------------------------------------------------------------x

### APPLICATION IN SUPPORT OF AN ORDER TERMINATING THE DEBTOR'S EXCLUSIVITY PERIODS, AND AUTHORIZING SDF77 GREENWICH LLC TO PROPOSE A CHAPTER 11 PLAN

SDF77 Greenwich LLC (the "Secured Creditor"), a secured creditor of the debtor and debtor-in-possession, 56 Milbank Avenue, LLC (the "Debtor") and an interested party in this Chapter 11 case, by and through its attorneys, Kriss & Feuerstein LLP, hereby moves this Court for entry of an Order pursuant to 11 U.S.C. §§ 105(a), 1121(d) (i) terminating the Debtor's Exclusive Periods (defined below), (ii) authorizing the Secured Creditor to propose a Chapter 11 Plan, and (iii) for such further and different relief as the Court may deem just and proper (the "Motion").  For the reasons set forth herein, the Secured Creditor respectfully states as follows:

### PRELIMINARY STATEMENT

1.      As set forth more fully herein below, the Debtor's case which has been pending since May 20, 2015 (the "Petition Date"), is neither large nor complex enough to justify a second extension of the Debtor's exclusive periods to (a) file a chapter 11 plan (the "Exclusive Filing Period") and (b) solicit acceptances thereto (the "Exclusive Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Periods") which, if granted, would provide the Debtor with a total exclusive period of not less than three-hundred and forty-eight (348) days.

2.      Notably, the Debtor's Petition and Schedules confirm that the Debtor is not obligated to any other secured creditor, besides the Secured Creditor.

3.    In addition, aside from the claim of the Secured Creditor, the Debtor's Petition

and Schedules confirm that the Debtor has *fewer than a dozen creditors*, with all of such claims

aggregating to less than $158,000.[1]    Notwithstanding, the Secured Creditor holds the single

largest (and only secured) claim against the Debtor's estate, which was filed on July 10, 2015 as

Claim No. 1 in the Court's Claims Register (the "Secured Creditor's Claim") in an amount that

exceeded $5,922,389.00.

4.    Although the Debtor filed a Chapter 11 Plan of Reorganization dated September

1, 2015 (the "Plan") [docket item 32] along with its Disclosure Statement for Chapter 11 Plan of

Reorganization dated September 1, 2015 (the "Disclosure Statement") [docket item 33], it has

become clear that the Debtor lacks any meaningful ability to confirm its Plan or emerge from

Chapter 11 bankruptcy because the Debtor has no ability to fund the Plan.    Specifically, with

regard to implementation of the Plan, the Debtor's Plan and Disclosure Statement provide only

that *all cash necessary to make payments required pursuant to the Plan will be obtained from the

Sale, refinancing or rental of the Property.*[2]

5.    At the time that this Application will be heard, the Debtor will have had the

benefit of over two-hundred and thirty (230) days with which to have exclusively proposed a

confirmable plan, and more than seventy-eight (78) days since the claims bar ran.

6.    Thus, the Debtor has had more than sufficient time to review and evaluate claims

of creditors for the purposes of providing adequate information in a plan and disclosure

statement pursuant to § 1125.

---

[1] The bar date passed on October 30, 2015 (and on November 16, 2015 for governmental units) (the "Bar Date").
[2] See Plan at Article VI (B), page 17

7.      Accordingly, this Court should conclude, that cause exists for terminating the

Exclusive Periods, and as a result, the Secured Creditor should be permitted to propose its own

Chapter 11 Plan.

## JURISDICTION

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 & 1334.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).   Venue is proper in this

District pursuant to 28 U.S.C. §§ 1408 and 1409.

9.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a)

and 1121(d) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

**The Loan**

10.      The Secured Creditor is the owner and holder of an Open-End Convertible

Construction to Permanent Loan Mortgage Deed and Security Agreement (the "Mortgage"),

dated August 11, 2006 in the principal sum of $5,000,000.00 as was executed by the Debtor and

delivered to NewAlliance Bank ("NewAlliance"), encumbering the Debtor's real properties

commonly known as at 56 Milbank Avenue, Greenwich, Connecticut  (the "Property")[3] which

was given as security for a Commercial Note (the "Note**)** evidencing a loan (the "Loan") of

even date and amount.  Copies of the Note and Mortgage, which was recorded in Volume 5236

at Page 143 of the Greenwich Land Records, are annexed hereto as **Exhibit "A"** and **Exhibit**

**"B"** respectively.

11.      At the time of the execution of the Note, guarantors Joseph C. Ross, Anthony J.

Amicucci, Daniel A. Amicucci, Joel M. Friedberg and Thomas R. Borek executed and delivered

to New Alliance a Guaranty Agreement ("Guaranty" and together with the Note and Mortgage,

---

[3] The Property has been identified as two (2) high-end residential townhouses.

the "Loan Documents"), whereby they unconditionally guaranteed payment of all amounts

owing under the Note. A copy of the Guaranty is attached hereto as **Exhibit "C"**.

12.    As evidenced by the Certificate of Merger (the "COM") from John Walsh, as the

Comptroller of the Currency, Administrator of National Banks dated May 17, 2011, on or about

April 15, 2011, NewAlliance merged into First Niagara Bank, NA ("First Niagara"). A copy of

the COM is annexed hereto as **Exhibit "D"**.

13.    During the course of the Loan a Collateral Assignment of Special Declarant &

Development Rights and Mortgage Modification Agreement (the "Final Modification") was

entered into between New Alliance and the Debtor which superseded prior modification

agreements. A copy of the Final Modification is annexed hereto as **Exhibit "E"**.

**The Default**

14.    Although the Debtor entered into certain modification agreements, including the

Final Modification, which had the effect of modifying certain provisions of the Loan, the Debtor

breached its obligations under the Loan when it failed to pay all amounts due and owing at the

time the Loan matured on July 1, 2013 (the "Default"), which maturity date was not extended.

**The Foreclosure Action**

15.    As a result of the Default and the Debtor's failure to cure same, First Niagara

commenced a foreclosure action on or about October 29, 2013, before the Superior Court for the

State of Connecticut (the "State Court") under docket number FST-CV-13-6020370-S (the

"Foreclosure Action").

16.    In connection with the Foreclosure Action, the Secured Creditor moved for

summary judgment, which was not granted after the State Court determined that questions of fact

existed in connection with certain defenses raised by the Debtor.

4

**The Assignment**

17.     On or about December 31, 2013, the Mortgage was assigned by Assignment of
Mortgage (the "Assignment") from First Niagara to the Secured Creditor.   A copy of the
Assignment is annexed hereto as **Exhibit "F"**.  Thus, the Secured Creditor is the due and rightful
owner and holder of record of the Note, Mortgage and other documents evidencing the Loan.

**The Chapter 11 Filing**

18.     The Debtor filed for Chapter 11 relief on May 20, 2015.  The 120 day deadline
within which only the Debtor could file a plan of reorganization pursuant to 11 U.S.C. § 1121,
pursuant to the Exclusive Deadline was set to expire on September 17, 2015.

19.     On June 22, 2015, this Court entered an Order (i) authorizing the use of cash
collateral, (ii) providing adequate protection, and (iii) granting related relief [docket item 17] (the
"Cash Collateral Order").

20.     On July 6, 2015, the Debtor filed its Objection to the Secured Creditor's claim
(the "Claim Objection"), challenging the amount of the Secured Creditor's secured claim,
through allegations that the Loan *automatically* converted from a construction loan to a
permanent loan, even though no permanent loan terms were either discussed or set forth in any
Loan documents.  Through the Claim Objection, the Debtor is attempting to arbitrarily supply
loan terms that would be favorable to the Debtor.

21.     On July 10, 2015, the Secured Creditor filed its secured proof of claim in the
amount of $5,922,389.71 in this Court's Claims Register as Claim No. 1 (the "Claim").

22.     In connection with the allegations set forth in the Claim Objection, a briefing
schedule was set, leading to an evidentiary hearing, however, those dates were adjourned after

5

discovery was not completed.  At this time, the parties are working on setting down a revised briefing schedule.

23.    On September 1, 2015, the Debtor filed its Plan and Disclosure Statement. Notably, the Plan fails to indicate that the Debtor has any exist strategy with which it may use to emerge from Chapter 11 bankruptcy.

24.    On September 21, 2015, this Court entered an Order granting the Debtor's Motion to Establish Deadline for Filing Proofs of Claims and setting the Bar Date [docket item 39] (the "Bar Date Order").  In connection therewith, only seven (7) proofs of claim have been filed.

25.    On September 16, 2015, the Debtor filed its first motion (the "First Extension Motion") seeking to extend the Exclusive Deadline for an additional ninety (90) days, as well as the deadline to solicit acceptances of a plan for an additional ninety (90) day period.

26.    In connection with the First Extension Motion, the Debtor and the Secured Creditor reached an agreement resolving the Secured Creditor's objection to the First Extension Motion, and as a result, the First Extension Motion went unopposed.

27.    The First Extension Motion resulted in the entry of an Order [docket item 46] (the "First Extension Order") which enlarged the Exclusive Filing Period through and including December 4, 2015, and the Exclusive Solicitation Period through and including February 2, 2016.  Notably, the First Extension Order provided that all parties' rights were reserved with respect to further extensions *or reductions* of the Exclusive Periods.

28.    On December 3, 2015, the Debtor filed its Motion seeking approval of the Disclosure Statement and procedures that will govern the Debtor's solicitation and tabulation of votes to accept or reject the Plan [docket item 49] (the "Disclosure Statement Motion").

29.    Also on December 3, 2015, the Debtor filed its Motion for a Second Extension of the Exclusive Periods [docket item 50] (the "Second Extension Motion"), seeking an additional ninety (90) day extension of the Exclusive Periods, alleging that although the Debtor has already filed its Plan, the Debtor seeks the second extension in an *abundance of caution*,[4] since the Debtor *may* need to amend its Plan.  In addition, the Debtor suggests that it may also require greater time to solicit after a determination of the Secured Creditor's Claim has been made in order to *better inform voters*.[5]

## THE APPLICATION

30.    The Secured Creditor requests this honorable Court enter an Order pursuant to 11 U.S.C. § 1121(d) terminating the Debtor's Exclusive Periods, authorizing the Secured Creditor to propose a Chapter 11 Plan, and for such further and different relief as this Court may deem just and proper.

## RESERVATION OF RIGHTS

31.    The Secured Creditor expressly reserves its right to amend or supplement this Motion, to introduce evidence supporting this Motion at the hearing on the Motion, and to file additional and supplemental objections as the Secured Creditor deems advisable.

---

[4] See Second Extension Motion at paragraph 1.
[5] See Second Extension Motion at paragraph 1.

## NOTICE

32.     Notice of this Motion has been provided to the Office of the United States Trustee, counsel to the Debtor, and those parties entitled to notice in this chapter 11 case.  In light of the nature of the relief requested, the Secured Creditor submits that no other or further notices need be provided.

33.     No previous application for the relief sought herein has been filed in this case.

Dated: December 24, 2015
      New York, New York

                             KRISS & FEUERSTEIN LLP
                             *Attorneys for SDF77 Greenwich LLC*

By:    *s/ Jason S. Leibowitz*
           Jerold C. Feuerstein, Esq.
           Jason S. Leibowitz, Esq.
           360 Lexington Avenue, Suite 1200
           New York, New York 10017
           (212) 661-2900