**Hearing Date: January 8, 2016 at 10:00 a.m.**
**Objection Deadline: December 31, 2015**

**OLSHAN FROME WOLOSKY LLP**
Park Avenue Tower
65 East 55th Street
New York, NY 10022
Adam H. Friedman, Esq.
Jonathan T. Koevary, Esq.
212.451.2300

*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 56 MILBANK AVENUE, LLC, | Case No. 15-22710 (RDD) |
| Debtor. | |

**DEBTOR'S OBJECTION TO APPLICATION OF SDF77 GRENWICH LLC'S APPLICATION FOR AN ORDER TERMINATED THE DEBTOR'S EXCLUSIVITY PERIODS, AND AUTHORIZING SDF77 GREENWICH LLC TO PROPOSE A CHAPTER 11 PLAN**

56 Milbank Avenue, LLC ("56 Milbank," or the "Debtor"), by and through its undersigned counsel, hereby objects (the "Objection") to the Application (the "Application") of SDF77 Greenwich LLC ("SDF77"), dated December 24, 2015, in support of an order terminating the Debtor's exclusivity period and authorizing SDF77 to propose a chapter 11 plan [ECF Dkt. No. 53]. In support of this Objection, the Debtor respectfully states as follows:

**OBJECTION**

1.      The Debtor filed its voluntary chapter 11 petition just over seven months ago. The Debtor's disclosure statement, solicitation procedures motion [ECF Dkt. No 49] and its second exclusivity motion [ECF Dkt. No 50] is scheduled to be heard on January 8, 2016 – the

3530805-1

date the Debtor's exclusive period to file a plan expires. January 7 was the soonest date available from Chambers given the Court's schedule when the Debtor requested a date on October 2, 2015. At Chambers' request, that date was later moved to January 8. The Debtor's solicitation procedures motion seeks confirmation of its plan on February 11, 2016 – a date chambers has reserved, should the Court approve the Debtor's disclosure statement and solicitation procedures as requested.

2.      Meanwhile, in September, the Debtor sought its first exclusivity extension by 90 days each for its exclusive filing period and its exclusive solicitation period. As noted in that Motion, SDF77 had consented to an exclusivity extension though November 1, 2015 (fewer days than requested in the motion), in the context of a scheduling order to resolve the claim dispute between the Debtor and SDF77. At that time, the evidentiary hearing to resolve the dispute had been scheduled for October 21, 2015.

3.      Had the order on the Debtor's first exclusivity motion had been entered as originally proposed, the Debtor's exclusive solicitation period would have been extended to February 16, 2016, which is five days after the proposed confirmation hearing date. SDF77 informally objected after the objection deadline and the Debtor agreed to reduce the exclusive solicitation period to February 2, 2016, which is the current deadline, with the right to seek further extensions.

4.      Nevertheless, the Debtor submits that, absent an order shortening time, even if the Court enters the order approving the disclosure statement on January 8, and the Debtor successfully mails its solicitation package on that date, it will be unable to complete its solicitation process within the 28 day minimum period provided by Bankruptcy Rule 2002 prior to February 5, 2016, which is three days after the expiration of the exclusivity period. Under that

2

tight confirmation timeframe, the originally requested solicitation period end date of February 16, 2016 would have been theoretically sufficient.

5.        That timeframe would, however,  allow for zero flexibility of any sort, including in connection with a confirmation battle with SDF77.  Realistically, the time requested may be necessary, especially given that the contested confirmation is now foretold: SDF77's Christmas Eve Application reads far more like a confirmation objection than anything else.  No doubt it is a preamble to series of confirmation objections that will next come again -- equally improperly -- in the form of a disclosure statement objection and exclusivity objection.  The 90 day extension sought through the second exclusivity motion should provide the time needed to see through a contested confirmation.

6.        SDF77 could have merely opposed the Debtor's second exclusivity motion on its merits.   A successful objection would lead to essentially the same result.   Instead, it chose the Application, which serves little purpose save for signaling its confirmation objection, rehashing its position on the claim dispute, increasing costs and taking up judicial and legal resources.

7.        The Debtor is working in good faith toward emergence in the next two to three months, which is nine to ten months after the Petition Date.  The Debtor submits nine to ten months is a quick timeframe to confirm a chapter 11 plan and that it should be entitled to see the process through.  There is no prejudice to SDF77.  SDF77 admits that it is oversecured. App. Memo. at 6. [1]  Moreover, the Debtor has made monthly adequate protection payments during the pendency of this case.  The significant equity cushion plus the monthly payments provide SDF77 with more than sufficient protection while the Debtor proceeds to confirmation.  The Debtor should be entitled to solicit the plan and argue confirmation on the merits.

---

[1] Cites to "App. Memo." refer to the Memorandum of Law filed in support of the Application.

3530805-1

8.        The Debtor incorporates into this Objection the arguments made in its second

exclusivity motion as if fully set forth herein and, for the most part, will not repeat them here.

Briefly, the Debtor herein responds to the arguments set forth the Application.  At the outset, the

Debtor will just point out that exclusivity extensions are generally considered on a case by case

basis.  The standards cited in *In re Adelphia Communications Corp.,* 336 B.R. 610, 674 (Bankr.

S.D.N.Y. 2006) are meant to be and are recognized as guidelines, not hard and fast rules, and the

Debtor need not meet each and every guideline overwhelmingly.  It is well established that the

decision to extend the Exclusive Periods is left to the sound discretion of the Bankruptcy Court

and should be based upon the facts and circumstances of a particular case.  *See id. at* 674.

9.        Although the Bankruptcy Code does not define "cause" for the purpose of an

extension (or termination) of the Exclusive Periods, courts have looked to the legislative history

of section 1121(d) of the Bankruptcy Code for guidance, and found that Congress intended

"cause" to be a flexible standard, and for the Exclusive Periods be of an adequate length, given

the circumstances, for a debtor to formulate, negotiate, draft and solicit a viable chapter 11 plan.

*See In re McLean Indus., Inc.,* 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (cause is undefined by

statute, but the legislative history indicates that it is to be viewed flexibly); *In re Gibson &*

*Cushman Dredging Corp.,* 101 B.R. 405, 409 (E.D.N.Y. 1989) (the cause standard under section

1121 allows for maximum flexibility).   The factors, which SDF77 would have apply are not

rigid and are nonetheless met.

A.        **Size and Complexity**

10.        SDF77 takes the position that the case is neither large nor complex enough to

justify a further extension. App. Memo at 4.   The Debtor disagrees. This is a multimillion dollar

case, with multiple creditors and, in all likelihood, a book-solvent debtor.  At the heart of this

case is a dispute over the determination of SDF77's claim, which will inform the timing and

4

3530805-1

amount of distributions to other stakeholders.  Although a plan is confirmable without resolving

the dispute, the complexity is largely eliminated and more information would be available to

creditors if that determination was made in advance.  Even if this case was as simple and small

as SDF77 makes it sound (it is not), this one factor is not determinative.

**B.      Allegation of Failure to File a Plan That Would Permit the Debtor to Emerge from Bankruptcy**

11.     This argument is rife with improper confirmation objections.  SDF77 argues that

there no exit strategy and argues that nowhere in the plan does it provide voters "with the

slightest clue of how it actually intends on emerging from bankruptcy."   App. Memo. at 6.  This

ignores Article V of the Plan which sets forth the implementation through a sale, rental or

refinance.  [ECF Dkt. No. 32].  Then SDF77 proceeds with a confirmation objection based on the

Debtor's proposed interest rate and a class discrimination claim. App. Memo. at 7-8.   SDF77

shoehorn's this confirmation objection into an exclusivity termination request.  It also seeks to

use the exclusivity process as a backdoor to litigate its claim – as its six separate exhibits to the

Application in are filed all in support of its litigation position.   The Debtor should have an

opportunity to see its plan through and confront SDF77's objections when ripe.  Meanwhile,

SDF77 is oversecured and is receiving its monthly adequate protection payments.  Its rights are

preserved.

**C.      Allegations of Insignificant Progress in Negotiations and Lack of Good Faith Process to Reorganization**

12.     This self-serving argument is basically that the parties have been unable to settle

because it is the Debtor's fault.  The truth is that SDF77 has held steadfast to its litigation

position and has shown itself to be unprepared to move and that is prepared to fight every step of

the way, for example, by filing the Application.  The Debtor is working hard and in good faith

within the parameters set by the Court toward resolution.

3530805-1

15-22710-rdd   Doc 57   Filed 12/31/15   Entered 12/31/15 13:54:18   Main Document
Pg 6 of 7

**D.      Allegations that Significant Time Has Elapsed; More Time Than Necessary to Negotiate a Plan; No Unresolved Contingencies**

13.      The dispute with SDF77 is a major unresolved contingency.  The issue is not, as SDF77 alleges, whether the Debtor had "sufficient time to review, evaluate and content with the claim of the Secured Creditor for the purposes of adequate information."  App. Memo. at 9.  The Debtor agrees with SDF77 that its disclosure statement provides adequate information without resolving the contingency.  There is no requirement under the Bankruptcy Code that a Debtor proceed with a plan the very moment it has the ability to provide adequate information.  Rather, the issue is, to what degree *given the facts and circumstances of this case,* does it makes sense to go forward with a plan, however confirmable, that includes a major unresolved contingency, when resolution of that contingency seems imminent?

14.      Moreover, SDF77 alleges that it is the fault of the Debtor that the evidentiary hearing did not go forward on December 21, 2015.  That is as offensive as it is ironic.  First, it was at SDF77's request on October 2, 2015 that the October 21, 2015 hearing was moved to December 21, 2015.  *See* Exhibit A email trail.  Next, as set forth on the December 2, 2015 pretrial conference, it was SDF77 that caused the hold-up of the December 21 date because (a) it was unhappy with the expert report as presented and did not accept any options made by the Debtor's special litigation counsel to resolve SDF77's issues when offered in advance of the pretrial conference; and (b) the Joel Friedberg deposition transcript prepared by SDF77's court-reporter was incomprehensible.  Third, SDF77 has not responded to a revised proposed pretrial order sent by the Debtor's special litigation counsel on December 18, 2015, which would schedule February 23, 2016 as the new evidentiary date.  *See* Exhibit B email trail.  In other words, between December 18 and December 24, SDF77 chose to devote its resources to the Application, but not to the scheduling order.  The action and inaction speak for themselves.

3530805-1

**E.      Conclusion**

15.      The Debtor is working in good faith to confirm its plan of reorganization.  SDF77 is looking to short circuit its process and have the Court entertain its confirmation-type of objections in the context of an exclusivity motion.   SDF77, however, is protected and oversecured and is receiving its adequate protection payments.  The Debtor should be entitled to see the plan process through and respectfully submits that the standards for the brief extension are easily met given the context of this case.

WHEREFORE the Debtor respectfully requests that the Court deny the relief requested in the Application and such other and further relief as the Court may deem just and appropriate.


Dated: New York, New York
         December 31, 2015

OLSHAN FROME WOLOSKY LLP


By:   /s/ Jonathan T. Koevary
        Adam H. Friedman
        Jonathan T. Koevary
        Park Avenue Tower
        65 East 55th Street
        New York, New York 10022
        (212) 451-2300

        *Counsel to the Debtor and Debtor in Possession*

3530805-1